UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ANA BACALLAO,

    Plaintiff,

v.

J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, individually,

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

    COMES NOW, Plaintiff, ANA BACALLAO, by and through the undersigned counsel, files this Complaint against Defendants, J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, and alleges:

    1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

    2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all time pertinent to this Complaint, Defendant J.H. Zidell, P.A. was an enterprise engaged in interstate commerce.

    3.    Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

    4.    Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000.00 for the year 2015.

    5.    Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000.00 for the year 2016.

    6.    The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subjects to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

8. The Plaintiff is a resident of Miami-Dade County, Florida at the time that this dispute arose.

9. The Defendant, J.H. ZIDELL, P.A., is a Florida professional association that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

10. The individual Defendant, JAMIE H. ZIDELL, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

11. All acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

12. Plaintiff has retained Kogan Prober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATION**

13. Plaintiff reasserts and realleges paragraphs 1 through 11 as though fully set forth below.

14. On or about May 29, 2015 Plaintiff was hired as a legal secretary at the law firm operated by the Defendants. Plaintiff's employment was terminated on or about January 18, 2016.

15. Between the period of on or about May 29, 2015 through on or about January 18, 2016, Plaintiff worked an average of 65 hours a week for the Defendants and was paid an

average of $19.25 per hour but was never paid for extra time for any hours worked over 40 hours per week, as required by the Fair Labor Standards Act.

16. Defendants, a busy law firm representing wage and hour plaintiffs in thousands of cases brought against local business, willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

17. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

18. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by the Plaintiff in excess of the maximum hours provided for in the FLSA.

19. Defendants knew or and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate the Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

20. Defendants failed to properly disclose or apprise the Plaintiff of their rights under the FLSA.

21. Defendant JAMIE H. ZIDELL was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

22. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

23. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtine wages, plus an equal amount as liquidated damges.

24. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, ANA BACALLAO requests that judgment be entered in her favor against the Defendants, J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, as follows:

   a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;
   b. Awarding Plaintiff overtime compensation in the amount calculated;
   c. Awarding Plaintiff liquidated damages in the amount calculated;
   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. 216(b);
   e. Awarding Plaintiff's post-judgment interest; and
   f. For such further relief this Court deems just proper.

### COUNT II – MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. §7434
(as to Defendant J.H. ZIDELL, P.A.)

25. Plaintiff reasserts and realleges paragraph 1 through 12 above as though fully set forth below:

26. On or about May 29, 2015 Plaintiff was hired as a legal secretary at the law firm operated by the Defendant.

27. From May 29, 2015 through September 11, 2015 Plaintiff was employed full time and at the direction and control of the Defendant.

28. From May 29, 2015 through September 11, 2015 Defendant improperly classified the Plaintiff as an independent contractor, and issued a 1099 for work performed during this period.

29. This improper classification was done so that the Defendant could attempt to avoid complying with Federal and state laws, including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

4

30.     Defendant is in violation of 26 U.S.C. §7434 and Plaintiff is entitled to damages pursuant to §7434(b)(1)-(3)

WHEREFORE, Plaintiff, ANA BACALLAO requests that judgment be entered in her favor against the Defendants, J.H. ZIDELL, P.A. and JAMIE H. ZIDELL pursuant to 26 U.S.C. §7434(b)(1)-(3), reasonable attorney's fees, costs, and for such further relief that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted, this 25rd day February, 2016.

Respectfully Submitted,

KOGAN PROBER, P.A.
Attorneys for Ana Bacallao,
Museum Plaza, Suite 901
200 S. Andrews Avenue
Ft. Lauderdale, FL 33301
Telephone:    (954) 281-8888
Facsimile:    (954) 333-1505
Email: pkogan@koganprober.com
            service@koganprober.com

By:   /s/ Pavel Kogan
        PAVEL KOGAN, ESQ.
        FLORIDA BAR NO.: 64339