**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:16-CV-20709-UU

ANA BACALLAO,

      Plaintiff,

v.

J.H. ZIDELL, P.A. and JAMIE H. ZIDELL,
individually,

      Defendant.

_____/

**JOINT PLANNING AND SCHEDULING REPORT**

      Pursuant to Fed. R. Civ. P. 26(f), Rule 16.1(b) of the Local Rules for the Southern District of Florida, and this Court's Order Setting Initial Planning and Scheduling Conference dated February 29. 2016 [D.E. 9], Plaintiff, ANA BACALLAO ("Plaintiff"), and Defendants, J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, ("Defendants") (collectively referred to herein as "Defendants"), hereby file this Joint Planning and Scheduling Report.

**1.     A plain statement of the nature of the claim and any Counterclaims, cross-claims, or third party claim, including the amount of damages claimed and any other relief sought.**

      Plaintiff filed a complaint under the Fair Labor Standards Act for unpaid overtime wages. Plaintiff's overtime and minimum wage claim is for a 33 week period (May 2015 – January 2016) and alleges that she worked an average of 65 hours per week.  Plaintiff has voluntarily dismissed Count II of the Complaint regarding Misclassified Employee.  Defendants intend to file a counterclaim seeking recovery of the portion of tax withholdings that Defendants paid that were the Plaintiff's responsibility as a W-2 employee.

**2.     A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

      a.  The Plaintiff was hired on May 29, 2015 as a legal secretary by the Defendants;

b.  The Plaintiff's employment with the Defendants finished on January 18, 2016, when Plaintiff found another job;

c.  The Plaintiff is a resident of Miami-Dade County, Florida at the time that this dispute arose;

d.  The Parties stipulate to FLSA enterprise coverage for the years 2015 and 2016.

e.  The individual Defendant, JAMIE H. ZIDELL, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

f.  The Plaintiff admits that she signed the e-mail dated 9/10/15.

3.  **A brief summary of the issues as presently known.**

a.  What is the rate of compensation that Plaintiff is entitled to?[1]

b.  Whether Plaintiff worked in excess of (40) hours in any work week that qualifies for overtime compensation?[2]

c.  Whether the September 10, 2015 email restricted/prohibited the Plaintiff from working more than 50 hours;

d.  Did Defendants have knowledge, actual or constructive, of the Plaintiff's overtime worked?

e.  If Plaintiff is entitled to any unpaid overtime compensation, whether it should be calculated at a rate of time and one-half or half-time rate?

---

[1] Defendants state this is not an issue in light of the 9/10/15 Agreement between Plaintiff and Defendants.
[2] Defendants state this is not an issue in light of the 9/10/15 Agreement between Plaintiff and Defendants.

   f.  If Plaintiff is entitled to any unpaid overtime compensation, whether she is entitled to liquidated damages?

   g.  Whether Plaintiff's Complaint is frivolous.

   h.  Plaintiff and counsel acknowledge they were served with a Rule 11 Motion on 3/21/16.

**4.  Whether discovery should be conducted in phases or limited to particular issues.**

   Discovery does not need to be conducted in phases or limited to particular issues.

**5.  A detailed schedule of discovery for each party.**

   **a.  Pre-discovery initial disclosures**

   The parties will serve initial disclosures by April 30, 2016.

   **b.  Discovery plan – Plaintiff**

Plaintiff's Counsel intends on taking the Defendants depositions, including the 30(b)(6) representatives for the named corporate Defendant and any other witnesses listed by Defendants or otherwise identified by Defendants, and will be scheduled anytime as permitted by the applicable Rules. . At this time, Plaintiff does not anticipate filing a motion seeking to exceed the number of depositions permitted by local rules nor the time limit for each deposition as provided for in the Federal Rules of Civil Procedure.

   i.  **Depositions by Oral Examinations:** Defendants' deposition will be taken as well as any non-party witnesses identified by Plaintiff or Defendant as having information relevant to the subject matter of this litigation.  Defendants' deposition will be scheduled to commence anytime as permitted by the applicable Rules..  At this time, Plaintiff does not anticipate filing a motion seeking to exceed the number of depositions permitted by local rules nor the time limit for each deposition as provided for in the Federal Rules of Civil Procedure.

   ii.  **Written Interrogatories:** Plaintiff anticipates utilizing written interrogatories where information is not readily ascertainable through the use of depositions or

requests for production.  At this time, Plaintiff does not anticipate filing a motion seeking to exceed the number of interrogatories provided for in the Federal Rules of Civil Procedure.

      iii.      **Requests for Production of Documents or Inspection:** Plaintiff will serve one or more sets of requests for production of documents.

      iv.      **Requests for Admission:** Plaintiff will elect to attempt to narrow the issues by obtaining admissions of fact and/or of genuineness of documents.

    **c.**     **Discovery plan – Defendants**

Defendants' Counsel intends on taking Plaintiff's deposition and any other witnesses listed by Plaintiff or otherwise identified by Defendants, and will be scheduled anytime as permitted by the applicable Rules. At this time, Defendants do not anticipate filing a motion seeking to exceed the number of depositions permitted by local rules nor the time limit for each deposition as provided for in the Federal Rules of Civil Procedure.

      v.      **Depositions by Oral Examinations:** Plaintiff's deposition will be taken as well as any non-party witnesses identified by Plaintiff or Defendants as having information relevant to the subject matter of this litigation.  Plaintiff's deposition will be scheduled to commence anytime as permitted by the applicable Rules..  At this time, Defendants do not anticipate filing a motion seeking to exceed the number of depositions permitted by local rules nor the time limit for each deposition as provided for in the Federal Rules of Civil Procedure.

      vi.      **Written Interrogatories:** Defendants anticipate utilizing written interrogatories where information is not readily ascertainable through the use of depositions or requests for production.  At this time, Defendants do not anticipate filing a motion seeking to exceed the number of interrogatories provided for in the Federal Rules of Civil Procedure.

      vii.      **Requests for Production of Documents or Inspection:** Defendants will serve one or more sets of requests for production of documents.

viii.      **Requests for Admission:** Defendants -will elect to attempt to narrow the issues by obtaining admissions of fact and/or of genuineness of documents.

**d.      Supplementation of Disclosures and Responses:**   The parties agree that supplementation under Fed. R. Civ. P. 26(e) will be provided no later than seven  (7) calendar days from the date the information becomes available.

6.      **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

      a.      To Join Other Parties and to Amend the Pleadings:  **May 10, 2016.**

      b.      To File and Hear Motions:

            -  Dispositive motions and motions to limit expert testimony: **October 25, 2016.**

            -  All other pretrial motions: **October 25, 2016.**

      c.      To complete discovery:  **September 30, 2016.**

7.      **Proposed approximate dates for final pre-trial conferences and trial.**

The parties request that the final pretrial conference be held on or about **November 21, 2016** and that trial in this matter be set for the week of **December 5, 2016.**

8.      **The projected time necessary for trial and a statement of whether the case is jury or non-jury.**

At this time, the parties estimate that this trial will take approximately 3 days.

Plaintiff has requested a jury trial.  Defendants also demand a jury trial.

9.      **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

PLAINTIFF'S STATEMENT:

Plaintiff's position is set forth in her Response [D.E.13]. Defendants filed a Motion to Dismiss [D.E. 12] on March 21, 2016 and Plaintiff filed her Response to Motion to Dismiss [D.E. 13] on April 6, 2016. Defendants' reply to the Response is due on or before April 18, 2016.

Defendants' position in its Motion to Dismiss is that Plaintiff can raise "no set of fact" that would entitle her to relief under the FLSA. Defendants further argue that because Plaintiff signed an Email dated September 10, 2015 prohibiting her from working more than 50 hours per week, they could have had knowledge of the overtime worked.

Plaintiff's position in its Response to Motion to Dismiss is that Defendants' Motion raises issues of fact that are not appropriate for a Motion to Dismiss. Furthermore, Defendants' knowledge can be either actual or constructive.

DEFENDANTS' STATEMENT:

Defendants' position is set forth in their Motion, which will be further addressed in their forthcoming Reply.   Defendants served a Rule 11 Motion on 3/21/16 on Plaintiff and her counsel, which is planned to be filed after the (21) day safe harbor period has expired.

**10.** **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

None.

**11.** **Any potential need for references to a special master or magistrate.**

At this time, the parties do not anticipate the need for references to a special master or magistrate.   The parties have no objection to referring discovery matters to the magistrate judge.   The parties do not consent to trial before a magistrate judge or to a ruling on dispositive motions by the magistrate judge.

**12.** **The status and likelihood of settlement.**

At this time, the parties have not engaged in settlement discussions.   As such, the parties are unable to ascertain the likelihood of settlement.   However, the parties will explore the possibility of settlement as the case progresses.

**13.** **Such other matters as are required by Local Rule 16.1(b) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

a.    <u>The likelihood of settlement</u>

At this time, the parties have not engaged in settlement discussions.  As such, the parties are unable to ascertain the likelihood of settlement.  However, the parties will explore the possibility of settlement as the case progresses.  The Parties believe that an early referral to the Magistrate Judge for a Settlement Conference should take place.

b.    <u>The likelihood of appearance in the action of additional parties</u>

At this time, it is unknown whether other parties may need to be added as additional parties.

c.    <u>Proposed limits on the time:</u>

    i.    To Join Other Parties and to Amend the Pleadings:   **May 10, 2016.**

    ii.    Dispositive motions and motions to limit expert testimony:   **October 25, 2016.**

    iii.    All other pretrial motions: **October 25, 2016**

    iv.    To complete discovery:  **September 30, 2016**

d.    <u>Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment</u>

Presently, the parties do not have any proposals for the formulation and simplification of issues.  However, the parties will continue to consider in good faith ways of simplifying the matters in this case and eliminating frivolous claims or defenses.  Further, the parties shall utilize the required joint pretrial stipulation for this purpose.

Plaintiff and Defendants anticipate they will file a motion for summary judgment. However, the parties believe that summary judgment should be limited to a single motion.

e.    <u>The necessity or desirability of amendments to the pleadings</u>

The parties do not anticipate filing any amendments to the pleadings pending further discovery.

     **f.**    **The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on admissibility of evidence**

At this time, it is unknown whether admissions of fact may be obtained, whether authenticity of documents will be an issue, or whether the parties will need advance rulings from the Court as to certain evidentiary matters.   The parties will endeavor to resolve as many evidentiary issues as possible by means of admissions and stipulations.

     **g.**    **Suggestions for the avoidance of unnecessary proof and cumulative evidence**     The parties have no suggestions at this time, but will discuss this issue following the applicable discovery cut-off date and before the pretrial conference.

     **h.**    **Suggestions on the advisability of referring matters to a magistrate judge or master**

At this time, the parties do not anticipate the need for references to a special master or magistrate.  The parties have no objection to the Court referring discovery matters to the magistrate judge.  The parties do not consent to trial before a magistrate judge or to a ruling on dispositive motions by the magistrate judge.

     **i.**    **A preliminary estimate of the time required for jury trial**

At this time, the parties estimate that this jury trial will take approximately 3 days.

     **j.**    **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

The parties request that the final pretrial conference be held on or about **November 21, 2016** and that trial in this matter be set for on or after **December 5, 2016.**

     **k.**    **Any other information that might be helpful to the Court in setting the case for status or pre-trial conference**

None at this time.

*Jointly and respectfully submitted,*

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| By:   /s/ Pavel Kogan           | By:   /s/ K. David Kelly           |
| Pavel Kogan, Esq. | K. David Kelly, Esq. |
| Florida Bar No.: 64339 | Florida Bar No.: 0123870 |
| pkogan@koganprober.com | David.Kelly38@rocketmail.com |
| KOGAN PROBER, P.A. | J.H. Zidell, P.A. |
| Museum Plaza, Suite 901 | 300 71st Street, #605 |
| 200 S. Andrews Avenue | Miami Beach, FL 33141 |
| Ft. Lauderdale, FL  33301 | Telephone:    (305)865-6766 |
| Telephone:    (954) 281-8888 | Facsimile:    (305)865-7167 |
| Facsimile:    (954) 333-1505 | |

Dated: April 8, 2016