UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20709-CIV-UU

ANA BACALLAO,

        Plaintiff,

vs.

JAMIE H. ZIDELL, and
J.H. ZIDELL, P.A.

        Defendants.

_____

## DEFENDANTS JAMIE H. ZIDELL'S AND J.H. ZIDELL, P.A.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants JAMIE H. ZIDELL, and J.H. ZIDELL, P.A., by and through their undersigned counsel, file this, their "Answer and Affirmative Defenses" to Plaintiff's Complaint and respond as follows:

### COUNT I – FEDERAL OVERTIME WAGE VIOLATION

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted, however, Defendants deny any and all liability.

12. Admitted that such Plaintiff's counsel has been retained, but without knowledge regarding the fees or whether such fees are reasonable.

13. This paragraph requires no response.

14. Admitted as to dates, but Plaintiff was not terminated and voluntarily resigned to accept a new position elsewhere.

15. Denied.

16. Admitted the Defendants are a busy law Firm and have represented Plaintiffs in numerous wage and hour lawsuits, including against local businesses. The rest of the allegations are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

**COUNT II – MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. SECTION 7434**

Any and all allegations relevant to this Count regarding Paragraphs 25 through and including 30, are denied as this Count is moot.  Plaintiff had no basis to maintain Count II, as no 1099 form ever issued to Plaintiff, and she had no grounds to allege under 26 USC Section 7434 that Defendants filed a fraudulent information form.  Accordingly, Plaintiff has filed a Corrected Notice of Voluntary Dismissal [DE 14], and has dismissed Count II as to all Defendants.

**AS TO GENERAL ALLEGATIONS AND ALL COUNTS**

Each and every allegation of the Complaint which is not specifically admitted by Defendants is denied, and Plaintiff demands strict proof regarding same.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

**First Affirmative Defense**. Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**. It is Defendants' position that Plaintiff has not brought this matter as a collective action.  However, Defendants' reserve to argue that Plaintiff's demands are otherwise barred, either in whole or in part, by the estoppel provisions of the Portal-to-Portal Act's estoppel provisions, to the extent Plaintiff seeks to bring this action as a collective, representative or class action. Also, as a general matter, Defendants assert that this matter may not be maintained as a collective, representative or class action.

**Third Affirmative Defense**. Plaintiff's claims for overtime wages (even if she worked the hours she claims) are barred in whole or in part because Defendants did not suffer or permit Plaintiff to work in excess of (50) hours per week.  In fact, Plaintiff was contractually forbidden from working in excess of (50) hours per week.

**Fourth Affirmative Defense.** Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided pursuant to the Fair Labor Standards Act and the corresponding regulations, including but not necessarily limited to, the exemptions set forth at 29 U.S.C. § 213.

**Fifth Affirmative Defense**. Defendants have fully paid any and all wages owed to Plaintiff in accordance with all laws applicable, including but not necessarily limited to wages required by the FLSA.

**Sixth Affirmative Defense.** Plaintiff's claims are barred in whole or in part under the doctrine of good faith.  Defendants at all times relevant hereto acted in good faith and complied with and relied on the applicable regulations,  statutes, orders, and all other rulings, interpretations, and/or approvals of the Administrator of the Wage and Hour Division of the Department of Labor.

**Seventh Affirmative Defense**. Plaintiff's claims are barred in whole or in part under the FLSA's *de minimus* doctrine.

**Eighth Affirmative Defense**.  Defendants deny any liability, however, if it was found that any wages are owed, Defendants' alleged violation of the FLSA were not willful and were otherwise an inadvertent mistake.

**Ninth Affirmative Defense**. Defendants deny any liability, however if it was found that any wages are owed, Defendants' alleged violation of the FLSA were done in good faith and Plaintiff is not entitled to liquidated damages.  Defendants' actions during the relevant period, under the facts and law of this case, operate to preclude any recovery by Plaintiff in light of the baseless allegations of the complaint.

**Tenth Affirmative Defense**. Defendants' payroll practices, at all times relevant, in good faith complied with the FLSA.  Defendants had reasonable grounds to believe they were in compliance with the FLSA vis-à-vis payment to Plaintiff for her wages and overtime wages.

**Eleventh Affirmative Defense**. Plaintiff is barred from recovery, in whole or part, under the unclean hands doctrines. Plaintiff, *inter alia*, seeks compensation for work not actually performed and/or that is not compensable, and also Plaintiff failed to properly report and document the time she worked.

**Twelfth Affirmative Defense**.  Plaintiff has suffered no actionable damages, and is not entitled to any recovery.

**Thirteenth Affirmative Defense**. Plaintiff is barred from recovery, in whole or part, under the estoppel doctrine.  Plaintiff, *inter alia*, seeks compensation for work not actually performed and/or that is not compensable, and also Plaintiff failed to properly report and document the time she worked.

**Fourteenth Affirmative Defense**. Even if Plaintiff did work additional overtime hours that would be otherwise compensable, Plaintiff's claims for any such wages are barred in whole  or part as Plaintiff failed to properly report and document the time she worked.

**Fifteenth Affirmative Defense**. Even if Plaintiff did work additional overtime hours that would be otherwise compensable, Plaintiff's claims for any such wages are barred in whole or in part because Plaintiff improperly reported or recorded hours that she did not in fact work.

**Sixteenth Affirmative Defense.** Defendants are entitled to a set-off in relation to any amounts paid to Plaintiff for work she did not in fact actually perform, including but not limited to Plaintiff's failure to reimburse Defendants for the $2,697.12 paid for taxes that Plaintiff owed to the IRS and which Defendants paid.

**Seventeenth Affirmative Defense**. Plaintiff's claim for overtime wages is barred in whole or in part because Defendants did not have actual or constructive knowledge that Plaintiff was working the hours she claims, including any overtime hours over (50) weekly.

**Eighteenth Affirmative Defense**. It is Defendants' position that Plaintiff has not brought this matter as a collective action, however, regardless Plaintiff lacks standing to do so.

**Nineteenth Affirmative Defense**. It is Defendants' position that Plaintiff has not brought this matter as a collective action, however, regardless, Plaintiff could not otherwise demonstrate that any similarly situated individuals would be willing and/or eligible to opt-in as plaintiffs, nor could Plaintiff establish any requisite entitlement to class certification or necessary notification.

**Twentieth Affirmative Defense**. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.   Moreover, it is Defendants' position that Plaintiff has not brought this matter as a collective action, however, should the period of time alleged in the complaint or any amended complaint, predate the applicable limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff or alleged "similarly-situated" opt-in plaintiffs would otherwise be barred.

**Twenty-First Affirmative Defense**. Plaintiff's claims are barred in whole or part by the applicable provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, regarding any time when the Plaintiff was engaged in activities which were preliminary or post-preliminary to her primary and principal employment activities.

**Twenty-Second Affirmative Defense**. To the extent Plaintiff might be found entitled to any overtime under the FLSA and respective regulations, at most Plaintiff would be owed "half-time" for any hours worked in excess of forty per week, and not "time and one-half" overtime.

**Twenty-Third Affirmative Defense**. Plaintiff's claims are barred in whole or in part by the doctrine of laches as she unduly delayed raising her claims, and such has prejudiced the Defendants.

**Twenty-Fourth Affirmative Defense**. Should Plaintiff prevail to any extent in this action, she is not entitled to any award of costs or attorney's fees under *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).  Also, under *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 890 (11th Cir. 2010), Defendants are a law firm and attorney; before filing the instant suit, counsel for Plaintiff should have engaged in pre-suit communications with Defendants, and did not do so, and therefore Plaintiff is not entitled to any award of costs or attorney's fees even if she prevails.

**Twenty-Fifth Affirmative Defense**. Plaintiff signed a binding contact regarding her hours and pay, and, if she actually worked additional hours beyond the contract, she has breached the express contract, for which Defendants did not permit and/or did not know about.

**Twenty-Sixth Affirmative Defense**.  Defendants deny all liability, but even if Plaintiff is owed any compensable overtime, she failed to mitigate her damages, and failed to alert Defendants of her breach of contract by working prohibited hours.

**Twenty-Seventh Affirmative Defense**.  Any recovery to Plaintiff would be unjust enrichment in relation to taxes paid by Defendants on her behalf.

**Twenty-Eighth Affirmative Defense**.  Plaintiff has filed this action in bad faith and with malicious intent.

**Twenty-Ninth Affirmative Defense**.  Plaintiff is not entitled to seek compensation for any meal and/or break times under the applicable laws.

**Thirtieth Affirmative Defense**.  Plaintiff reported all time spent past (50) hours weekly as personal time to Defendants, for Plaintiff to wait for traffic to subside before going home each afternoon or evening.

**Thirty-First Affirmative Defens**e.  Plaintiff was employed by Defendants at an hourly rate of $14 per hour, with an overtime rate of $21 per hour.

## Additional Affirmative Defenses

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

## Defendants' Demand for Costs and Attorney's Fees

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because those claims have been brought in bad faith. *See, e.g., Kreager v. Solomon & Flanagan, P.A*., 775 F.2d 1541 (11 Cir. 1985), and *Turlington v. th Atlanta Gas Light Co*., 135 F.3d 1428 (11 Cir. 1998).  Plaintiff reserves all rights under both 28 U.S.C.  §1927, Court's inherent powers, and Rule 11 of the Federal Rules of Civil Procedure, to seek sanctions against both Plaintiff and Plaintiff's Counsel as applicable.

WHEREFORE, Defendants JAMIE H. ZIDELL, and J.H. ZIDELL, P.A., having answered Plaintiff's complaint and asserted affirmative defenses, respectfully request that this Court dismiss Plaintiff's complaint with prejudice and/or enter final judgment in their favor, award them their reasonable attorney's fees and costs, and take such further action as is just and proper, and that Plaintiff go hence without day in this action.  Defendants request a Jury Trial.

## COUNTERCLAIM AGAINT PLAINTIFF

Defendants/Counterclaimants ("Defendants") JAMIE H. ZIDELL, and J.H. ZIDELL, P.A., by and through their undersigned counsel, counter-sue the Plaintiff/Defendant-in-Counterclaim ANA BACALLAO ("Plaintiff") as follows:

1. This Counterclaim contains Two Counts sounding under Breach of Contract and Unjust Enrichment Theories, and for all other relief the Court finds to be just and proper.

2. Plaintiff ANA BACALLAO, at all material times, was a resident of Miami-Dade County, FL.

3. Both of Defendants' Counterclaims are at least permissive, and this Court has supplemental jurisdiction under 28 U.S.C. 1367, as *inter alia*, such claims derive from a common nucleus of operative facts regarding the federal claim.  Not only do the below facts show that both Counterclaims are inextricably related to Plaintiff's Count II that was brought under 26 USC Section 7434 (albeit Defendants have voluntarily dismissed that claim in the Corrected Notice of Voluntary Dismissal [DE 14]), but also such directly involves undeserved remuneration Plaintiff received (but refuses to return) in relation to her employment, which is directly relevant to Plaintiff's overtime claim that necessarily involves allegations concerning payment for wages.

## COUNT I – BREACH OF CONTRACT

4. Plaintiff (who cannot claim she does not read or understand English) signed and agreed to a contract regarding her hours.  Such contract was previously filed in connection with Plaintiff's motion to dismiss filed on 3/21/16.  Plaintiff is subject to that written agreement, which sets forth Plaintiff's hourly and overtime rate.  In addition, such contract (signed by Plaintiff) states that she was paid as a 1099 Independent Contractor during her initial employment period.  Under that contract,

following her initial (90) days, Plaintiff became a W-2 employee.  As reflected in the Contract, Plaintiff "asked" Defendants to initially classify her as a 1099 worker.

5. Following conclusion of her employment with Defendants, Plaintiff breached her signed contract (wherein it is documented that Plaintiff actively sought to be classified as a 1099 worker without withholdings) and filed the instant lawsuit trying to hold Defendants liable for the contractual classification that Plaintiff requested to be implemented by Defendants.

6. In light of Plaintiff's actions, Defendants had their accountant issue a W-2 for the disputed period, and Defendants paid all of Plaintiff's withholdings and taxes regarding the period she was classified as a 1099 worker.  The result was that Defendants paid a total of $2,697.12, which was the amount that Plaintiff was herself responsible to pay the IRS.

7. In an e-mail dated 3/10/16 to Plaintiff's counsel, Defendants demanded that Plaintiff reimburse Defendants for the $2,697.12 which she is responsible for.  Plaintiff has failed to reimburse Defendants and otherwise refuses to do so.

8. Plaintiff has breached the said contract, and Defendants have suffered damages in relation to same.

WHEREFORE, Defendants JAMIE H. ZIDELL, and J.H. ZIDELL, P.A., demand Judgment be entered in favor of Defendants against Plaintiff ANA BACALLAO, for damages in the amount of $2,697.12, along with fees, cost, interest and any other further relief as the Court deems just and proper.  Defendants request a Jury Trial.

## COUNT II – UNJUST ENRICHMENT

9. Defendants reassert and re-allege paragraphs 1-8 above regarding Defendants' Counterclaims, as such facts also give rise to an action for unjust enrichment.

10. Due to the aforesaid facts relevant to Defendants' counterclaim for breach of contract, the Defendants have conferred a benefit upon the Plaintiff. The Plaintiff has knowledge of the benefit conferred and continues to retain that benefit undeservedly. It would be inequitable and unjust for Plaintiff to continue to retain the benefit, as Defendants are not responsible to pay those federal taxes to the IRS that are Plaintiff's legal responsibility.

WHEREFORE, Defendants JAMIE H. ZIDELL, and J.H. ZIDELL, P.A., demand Judgment be entered in favor of Defendants against Plaintiff ANA BACALLAO, for damages in the amount of $2,697.12, along with fees, cost, interest and any other further relief as the Court deems just and proper. Defendants request a Jury Trial.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:___/s/___K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED
SUBSEQUENT TO E-FILING VIA CM/ECF ON 4/18/16 TO:**

**ALL LISTED CM/ECF RECIPIENTS**

**PAVEL KOGAN, ESQ.
KOGAN PROBER, P.A.
MUSEUM PLAZA
200 S. ANDREWS AVE., STE. 901
FORT LAUDERDALE, FL 33301**

**BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.**