UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:16-CV-20709-UU

ANA BACALLAO,

    Plaintiff,

v.

J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, individually,

    Defendant.
_____/

## MOTION TO DISMISS

COMES NOW, Plaintiff/Counter-Defendant, ANA BACALLAO, by and through the undersigned counsel, hereby files this Motion to Dismiss Defendant/Counter-Plaintiffs', J.H. Zidell, P.A. and Jamie H. Zidell, Counterclaim for failure to state a claim, and states as follows:

1. Plaintiff/Counter-Defendant filed an original proceeding action under the Fair Labor Standards Act ("FLSA").

2. In their response to Plaintiff's Complaint, Defendants' filed what they allege to be a permisive Counterclaim for Breach of Contract and Unjust Enrichment.

1. For the reasons stated below, Plaintiff has failed to state a proper claim upon which relief can be granted, as Plaintiff lacks standing to bring this action.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

2. The Eleventh Circuit has clearly articulated the Standard of Review for a Rule 12(b) motion:

> "The standard of review for a motion to dismiss is the same for the appellate court as it is for the trial court." *Stephens v. Dep't of Health and Human Servs.,* 901 F.2d 1571, 1573 (11th Cir.1990). A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,*

1

355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." *Stephens,* 901 F.2d at 1573. Although "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss," where certain documents are referred to in the complaint and "those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 n. 7 (11th Cir.2006) (citing *Brooks v. Blue Cross & Blue Shield, Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997)).

## II. FACTUAL BACKGROUND

3. On or about May 29, 2015 Counter-Defendant, ANA BACALLAO ("Bacallao"), was hired as a legal secretary at J.H. ZIDELL, P.A.

4. At all relevant times to the Counter-Plaintiff's counterclaim, Bacallao was employed by J.H. ZIDELL, P.A. and was never employed by the individual Counter-Plaintiff, Jamie H. Zidell.

5. As alleged in Counter-Plaintiff's Complaint, on or about August 10, 2015, Bacallao "signed and agreed to a contract regarding her hours" with J.H. ZIDELL, P.A. [See *Counterclaim* D.E. 18 ¶4]. A copy of the Contract is attached hereto as **Exhibit "A"**.

6. No such agreement existed between May 29, 2015 and August 9, 2015.

7. From May 29, 2015 through August 9, 2015, Bacallao was classified as a 1099 independent contractor "which [meant] that [Bacallao] will need to pay taxes on the gross pay amounts that [she] received … over the 90 days – no deductions were taken. …" See **Exhibit "A"** ¶2.

8. Counter-Plaintiffs allege that the Counter-Defendant breached the alleged contract by filing a lawsuit for misclassification of the Counter-Defendant after her employment with the Counter-Plaintiff ended.

2

**Memorandum of Law and Argument**

### III. COUNTS I AND II OF COUNTER-PLAINTIFF, JAMIE H. ZIDELL'S, COUNTERCLAIM MUST BE DISMISSED FOR LACK OF STANDING

9. For the Counter-Plaintiff to having standing he,

> (1) [ ] must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Fla. Family Policy Council v. Freeman*, 561 F.3d 1246, 1253 (11th Cir.2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

> The plaintiff must plead sufficient facts in its complaint to establish standing, and the Court cannot 'speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none.'

*Fusilamp, LLC v. Littlefuse, Inc.*, 2010 WL 2277545 (citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229–30 (11th Cir.2000)).

10. At all times material, Bacallao was employed by J.H. Zidell, P.A. and not the individual Counter-Plaintiff Jamie H. Zidell.

11. In their Counterclaim, Counter-Plaintiffs allege that they suffered damages as a result of Bacallao's employment with the Counter-Plaintiffs, but such an all encompassing characterization is impossible as she was only employed by J.H. Zidell, P.A.

12. At no time did the individual Plaintiff, Jamie H. Zidell suffer "an injury in fact", nor was there a "causal connection between the injury and the conduct complained of," and as a result, Counts I and II of Counter-Plaintiff, Jamie H. Zidell's, Counterclaim, must be dismissed for lack of standing.

### IV. COUNT I, BREACH OF CONTRACT, MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

13. To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) a breach of that contract; (3) causation; and (4) damages. *Fontana Investors, LLC v. South Beach Resort Development,* LLC, 2014 WL 803963 (Citing *Handi–Van, Inc. v. Broward Cnty.,* 116 So.3d 530, 541 (Fla. 4th DCA 2013)).

14. In its Counterclaim, Counter-Plaintiffs allege that they entered into a contract with Bacallao on August 9, 2015. A copy of the alleged contract is attached hereto as **Exhibit "A"**.

15. The alleged contract outlines Bacallao's hours and pay from August 9, 2015 forward. No other terms, conditions, or promises were specified or made in the alleged Contract.

16. Nowhere in the alleged contract does the Bacallao agree to not sue the Counter-Plaintiffs for wrongful classification of employment status or any other action permitted by law.

> Where it appears that the alleged conduct, nonperformance or defective performance does not contravene any term in the contract, an action for breach will not be sustained. Where, by the express definite terms of a complete contract, any action taken or omitted under it does not appear to be a violation of it and no fraud or other illegal or inequitable conduct is shown, additional provisions will not be implied for the purpose of showing a violation when it otherwise does not appear and where the contract may be performed according to its terms.

11 Fla. Jur 2d Contracts § 269 (citing *Hidalgo v. Dorsy*, 397 So. 2d 936 (Fla. Dist. Ct. App. 3d Dist. 1981); *Carpenter Contractors of America, Inc. v. Fastener Corp. of America, Inc.*, 611 So. 2d 564 (Fla. Dist. Ct. App. 4th Dist. 1992); *Radionoff v. First Nat. Bank of Miami Springs*, 281 So. 2d 530 (Fla. Dist. Ct. App. 3d Dist. 1973); *City-Wide Sanitation Co. v. City of Pembroke Pines*, 214 So. 2d 485 (Fla. Dist. Ct. App. 4th Dist. 1968); *Rubinstein v. Mester*, 362 So. 2d 986 (Fla. Dist. Ct. App. 3d Dist. 1978); *Pine Lumber Co. v. Crystal River Lumber Co.*, 65 Fla. 254, 61 So. 576 (1913).

17. Bacallao's alleged breach, the filing of a lawsuit for misclassification, "does not contravene any term in the contract, and the action for breach [should] not sustain." *Id.*

## V. COUNT II, UNJUST ENRICHMENT, MUST BE DISMISSED FOR FAILURE STATE A CLAIM

18. In order to state proper claim for Unjust Enrichment, Counter-Plaintiffs must allege that they conferred a benefit on Bacallao, Bacallao accepted the benefit and retained it, and the circumstances are such that it would be inequitable for Bacallao, to retain it without paying the value thereof. *Florida Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 (Fla. 2004).

19. "However, 'upon a showing that an express contract exists between the parties … [an] unjust enrichment … count fails.'" *Leader Global Solutions, LLC v. Tradeco Infraestructura, S.A. DE C.V.* 2016 WL 146612 (citing *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 Fed.Appx. 714, 722 (11th Cir.2011) (citing *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998)); *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696, 697 (Fla. 1st DCA 2008) (holding "unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter"); *Kovtan v. Frederiksen*, 449 So.2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter.")).

20. In its Count II, Counter-Plaintiffs specifically cite to Bacallao breaching an express contract. *See* Counterclaim ¶9 and 10 whereby Counter-Plaintiffs incorporate paragraphs 1 – 8 of the Counterclaim.

21. Taking Counter-Plaintiffs counterclaim as true, an express contract existed between the parties, and as a result Count II for unjust enrichment must fail.

WHEREFORE, Counter-Defendant, ANA BACALLAO, respectfully requests that this Honorable Court enter an Order as follows:

1. Dismissing Counts I and II brought by Counter-Plaintiff Jamie H. Zidell for lack of standing;

2. Dismiss Count I, Breach of Contract, for failure to state a claim;

3. Dismiss Count II, Unjust Enrichment, for failure to state a claim;

4. Attorney's fees; and

5. Such further relief that this Honorable Court deems just and proper.

                    Respectfully Submitted,

                    KOGAN PROBER, P.A.
                    Attorneys for Ana Bacallao,
                    Museum Plaza, Suite 901
                    200 S. Andrews Avenue
                    Ft. Lauderdale, FL 33301
                    Telephone:   (954) 281-8888
                    Facsimile:    (954) 333-1505
                    Email: pkogan@koganprober.com
                           service@koganprober.com

                    By:___/s/ Pavel Kogan_____
                         PAVEL KOGAN, ESQ.
                         FLORIDA BAR NO.: 64339

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of foregoing was electronically filed this 9th day of May, 2016 with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to: **K. David Kelly, Esq.**, david.kelly38@rocketmail.com and J.H. Zidell, Esq., zabogado@aol.com.

                    By:___/s/ Pavel Kogan_____
                         PAVEL KOGAN, ESQ.
                         FLORIDA BAR NO.: 64339