UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20709-CIV-UU

ANA BACALLAO,    )
                )
        Plaintiff,    )
    vs.    )
                )
JAMIE H. ZIDELL, and    )
J.H. ZIDELL, P.A.    )
                )
        Defendants.    )
                )
_____ )

**DEFENDANTS'/COUNTER PLAINTIFFS' RESPONSE IN OPPOSITION TO PLAINTIFF'S/COUNTER DEFENDANT'S MOTION TO DISMISS**

Defendants/Counter Plaintiffs, by and through Undersigned Counsel, hereby file this response in opposition to the Plaintiff's/Counter Defendant's Motion to Dismiss the Counterclaim, and move that this court deny the Motion to Dismiss, and state the following in support;

**MEMORANDUM OF LAW**

**I: Breach of Contract and Unjust Enrichment Are Properly Plead Simultaneously**

Florida Courts have consistently, and since at least 1928, held that a lawsuit may proceed on both a count of breach of express contract and a count of unjust enrichment, provided that one party contends that the express contract was invalid or contests the rights of a party to said contract. Federal Courts have consistently upheld this long standing Florida Precedent which started with the Florida Supreme Court in 1928.

1

> "However, a party may plead in the alternative for relief under an express contract and for unjust enrichment. *See ThunderWave, Inc. v. Carnival Corp.,* 954 F.Supp. 1562, 1566 (S.D.Fla.1997) (citing *Hazen v. Cobb–Vaughan MotorCo.,* 96 Fla. 151, 117 So. 853, 857–58 (Fla.1928)). But unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid. *See Zarrella,* 755 F.Supp.2d at 1227–28 (quoting *In re Managed Care Litig.,* 185 F.Supp.2d1310, 1337–38 (S.D.Fla.2002)); *Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp.2d 1317, 1326–27 (S.D.Fla.2000) (quoting *Gary v. D. Agustini & Asociados, S.A.,* 865 F.Supp.818, 827 (S.D.Fla.1994)); *In re Managed Care Litig.,* 185F.Supp.2d 1310, 1337 (S.D.Fla.2002) (although Rule 8 permits alternative pleading, "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute"); *Berry v. Budget Rent A Car Sys., Inc.,* 497 F.Supp.2d 1361, 1369 (S.D.Fla.2007) ("a quasicontractual claim fails upon a showing that an express contract exists")."

*Martolla v. Deutsche Bank Nat. Trust Co.*, 931 F.Supp.2d 1218,1227 (S.D. Fla. 2013).

In January of this year Judge Williams ruled similarly, and specifically that at this stage a motion to dismiss should not be granted due to Rule 8 of the Federal Rules of Civil Procedure, and the consistent findings of Florida Appellate Courts. Holding that short of an express contract, which the Defendants deny, both a count of unjust enrichment and breach of contract survive a motion to dismiss.

> "Rule 8 of the Federal Rules of Civil Procedure specifically authorizes a plaintiff to plead causes of action in the alternative, and Florida courts have found that a party may plead in the alternative the existence, and breach, of an express contract and an unjust enrichment claim. *See Martorella v. Deutsche Bank Nat. Trust Co.,* 931F.Supp.2d 1218, 1227–28 (S.D.Fla.2013) (collecting cases). This is in part because "it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails." *Id.* Accordingly, "[u]ntil an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature." Because Defendants have denied the existence of any express contract between the parties, (*See,* DE 16, 17), the Court concludes that Plaintiff may

2

>properly plead a breach of contract claim and, in the alternative, an unjust enrichment claim."

*Samana Inc v. Lucena*, 2016 WL 142410 *2 (January 6, 2016).

Further, an express contract would not preclude the Defendant/Counter Plaintiff from bringing the breach and unjust enrichment claims, because it is premature to dismiss an unjust enrichment claim, short of a conclusive finding or stipulation as to the rights of the parties under the contract. If one party disputes rights under the contract/validity of the contract, then unjust enrichment and breach of contract counts, are not mutually exclusive. *See, Christie v. Bank of America N.A.* 2015 WL 5285987 *3 (M.D. Fla. October 15, 2014), *Zarrella v. Pacific Life Ins. Co.*, 775 F.Supp 1218, 1227 (S.D. Fla. 2010), *Abels v. J.P. Morgan Chance Bank, N.A.*, 678 F.Supp.2d 1273, 1279 (S.D. Fla. 2009), *Persaud v. Bank of America, N.A.*, 2014 WL *13-14 4260853 (S.D. Fla. August 28, 2014).

Unjust enrichment and breach of contract may be pled in two separate counts of the same pleading, and not be expressly plead as alternative forms of relief, as pled in Defendant's/Counter Plaintiff's Counter Claim.

>"Indeed, nothing prevents Plaintiff from pursuing alternative claims of breach of contract and unjust enrichment in separate counts. *See JI–EE Industry Co., Ltd. v. Paragon Metals, Inc.,* No. 09–81590–CIV, 2010 WL 1141103, at *1 (S.D.Fla. Mar. 23, 2010) (citing *Williams v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla.Dist.Ct.App.1998) ("Until an express contract is proven, a motion to dismiss a claim for ... unjust enrichment on these grounds is premature.")); *see also* Rule 8(d)(2) of the Federal Rules of Civil Procedure ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); *Manicini Enters., Inc. v. Am. Exp. Co.,* 236 F.R.D. 695, 698–99 (S.D.Fla.2006) ("[A] plaintiff may plead inconsistent or alternative theories of relief.")."

*Intercoastal Realty, Inc. v. Tracy*, 706 F.Supp.2d 1325, 1332 (S.D. Fla. 2010); *See also*, *American Inofage, LLC v. Regions Bank*, 2014 WL 1117050 *2 (M.D. Fla. 2014), *Abels v. JPMorgan Chase Bank, N.A.*, 678 F.Supp.2d 1273, 1279 (S.D. Fla. 2009).

Plaintiff/Counter Defendant is not citing bad case law. It is true that if an express contract exists then a claim for unjust enrichment must fail. The issue is, that it is well-established law, for almost ninety-years, that if one side challenges the rights under/validity of an express contract, the parties can demand relief for both breach and unjust enrichment. Plaintiff/Counter Defendants state that an express contract did not exist in Paragraph Six of their Motion. Hence, Defendants/Counter Plaintiffs may assert both claims. This is also consistent with Rule 8 of the Federal Rules of Civil Procedure, which allow pleading in the alternative. Hence, in this area, well established Federal and Florida Law allow both counts to proceed simultaneously.

Plaintiff/Counter Defendant may argue that the contract at issue was a valid and enforceable express contract at the time she filed the lawsuit, but not from May 29, 2015 through August 9, 2015. If that is the case, then Plaintiff/Counter Defendant does concede the validity of the contract, which prohibits the hours she claims improper remuneration for in The Complaint, and the Plaintiff's/Counter Defendant's FLSA claims for any period other than May 29, 2015 to August 9, 2015 must be dismissed. However, if the contract was a valid express agreement, then the breach of contract claim would be the appropriate claim, and not the unjust enrichment claim.

That claim for breach of contract may be pursued regardless of Plaintiff's/Counter Defendant's argument about the standing of the individual Defendant/Counter Plaintiff's Jamie H. Zidell's standing. There is no argument that Defendant/Counter Plaintiff J.H. Zidell P.A. does not have standing.

Hence, Plaintiff/Counter Defendant may choose, because her challenge to the contract makes the pleading in the alternative permissible. Plaintiff/Counter Defendant may concede that the Contract is an enforceable and valid express contract, rendering her own FLSA Claims after August 9, 2015 moot, and validating the claim for breach of contract for J.H. Zidell P.A.[1] Or Plaintiff/Counter Defendant may choose to contest that there was a valid, express, enforceable contract, to save her FLSA Claim post August 9, 2015, and the Defendants/Counter Plaintiffs may proceed requesting relief in the alternative.

There are a few cases that support dismissal without prejudice in regard to the argument in number 20 of the Plaintiff's/Counter Defendant's motion. A few courts have held that Count II incorporating the allegations of Count I, which alleges a valid contract in paragraphs 1-8, would warrant a dismissal without prejudice, and the opportunity for the party incorporating the paragraphs to amend. *See, Chrisitie v. Bank of America, N.A.*, 2014 WL 805882 (M.D. Fla. Feb. 28, 2014). However, other Courts have held this kind of drafting to be harmless and Plaintiff/Counter Defendant does not cite any precedent for the contention that such is relevant. *See, Intercoastal Realty, Inc. v. Tracy*, 706 F.Supp.2d 1325, 1332 (S.D. Fla. 2010), & *Muzuco v. Re$ubmitit, LLC.*, 2012 WL 3242013 (S.D. Fla. August 7, 2012).

The few Courts who have found the incorporation of the allegations of the previous paragraphs alleging an express contract is an error, have required an amended pleading and not ordered dismissal with prejudice. *See, Id.* However, this standard method of pleading is usually not at issue in Florida cases involving these two claims that almost 90 years of legal precedent say may be plead together.

---

[1] Jamie H. Zidell's standing will be discussed below, but at a minimum the claim by J.H. Zidell P.A. would be unaffected, as there is no argument that J.H. Zidell P.A. lacks standing, in fact quite the opposite.

Hence, whether or not Jamie Zidell may bring a claim for breach of contract and unjust enrichment, J.H. Zidell P.A. can bring a claim for both simultaneously as an alternative pleading.

### II: Jamie H. Zidell Has Proper Standing in the Counter Claim

The question of Jamie Zidell's standing in the suit is dependent on his standing as a third party beneficiary to the contract, which is controlled by a four prong test. If he has standing under the contract to sue as a third party beneficiary, then he has standing in the counter-claim. The four prong test established by Florida and Federal Courts, are;

> "[T]o plead a cause of action for breach of a third party beneficiary contract, a plaintiff must plead the following elements: (1) a contract between A and B; (2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit C, the third party (or a class of persons to which that party belongs); (3) breach of that contract by either A or B (or both); and (4) damages to C resulting from the breach.
> *Intercoastal Realty, Inc. v. Tracy,* 706 F.Supp.2d 1325, 1329 (S.D. Fla.2010)."

*Venerus v. Avis Budget Car Rental, LLC*, 2014 WL 4092323 *4 (M.D. Fla. August 18, 2014). See also, *F.D.I.C. v. Kardos Appraisal & Consulting Corp.*, 2014 WL 235470 (January 22, 2014), *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (Fla. 4th Dist. Ct. App. 1994), & *F.D.I.C. ex. rel. Colonial Bank v. Pearl*, 2013 WL 140591 (M.D. Fla. April 8, 2013).

The first prong as to whether a valid contract existed between J.H. Zidell P.A. and Plaintiff/Counter Defendant, is one of the most important issues in the case, and is determinative on all issues. The Defendant/Counter Plaintiff assert so strongly that a contract existed that it is incorporated into their pleadings.

It is important that Florida Courts, and The Eleventh Circuit have held that the third party beneficiary need not be named in the contract, and the intent of the contract to benefit or harm a third party, may be inferred from the parties' actions both pre and post contract. *See, Fla. Power & Light Co. v. Mid-Valley Inc.*, 763 F.2d 1316, 1321 (11th Cir. 1985) & *Dingle v. Dellinger*, 134 So.3d 484 (Fla. 5th Dist. Ct. App. 2014).

In order for a third party to have standing in the contract they must be more than a mere incidental beneficiary of the contract. *See, Id.* & Cherry v. Crow, 845 F. Supp. 1520 (M.D. Fla. 1994), Bozeman v. Hernando County, 548 So.2d 300 (Fla. 5th Dist. Ct. App. 1989) (both pertaining to employment contracts). Jamie Zidell is the sole owner and corporate officer of J.H. Zidell P.A. There are no other ownership interests in J.H. Zidell P.A. other than Jamie Zidell. Hence, any contract J.H. Zidell P.A. enters into, Jamie Zidell is more than an incidental beneficiary of, and arguably is the primary beneficiary of.

Additionally, under the standard that post-contract behavior may establish the intent of the parties to benefit or harm a third party beneficiary Jamie Zidell has standing. in this contract. The FLSA suit, that Defendants/Counter Plaintiffs argue is frivolous and unfounded because of the contract in question, is brought against Jamie Zidell in addition to J.H. Zidell P.A. Hence, suing an individual member of a professional association post contract, for an alleged unlawful practice related to that contract, is post contract behavior of the parties establishing an intent to benefit/harm a third party, Jamie Zidell. In this case, that gives Jamie Zidell standing.

The third prong is breach, and that has nothing to do with Jamie Zidell's standing. If there was a breach for J.H. Zidell P.A. then it satisfies prong three of the above standard, that a breach occurred.

The fourth prong is damages to Jamie Zidell personally. Since Jamie Zidell is the only ownership interest in the professional association that suffered the breach of contract and/or unjust enrichment, damage suffered by J.H. Zidell P.A., is damage suffered by Jamie Zidell.

Additionally, being named individually in a lawsuit that is governed by an employment contract, shows the intention of the parties for Jamie Zidell, through the post-contract action of naming him in a lawsuit over said employment contract, an intended beneficiary of the contract that was breached to his detriment. In other words, the Plaintiffs/Counter Defendants are suing under the FLSA for a period of time that falls under the contract, Jamie Zidell is named individually in the FLSA suit, hence the post-contract action of the party shows he was an intended beneficiary of the original contract.

Hence, all four prongs to establish standing as a third party beneficiary with actionable rights under the contract are fulfilled. Therefore, Jamie Zidell has standing to bring the Counter-Claim.

WHEREFORE; Defendants/Counter Plaintiffs move that This Court deny the Motion to Dismiss filed by Plaintiffs/Counter Defendants.

        Respectfully Submitted,

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Defendants/Counter Plaintiffs*

        By: /s/ Joshua H. Sheskin
        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com

        Florida Bar Number: 93028

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on May 20, 2016.

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Defendants/Counter Plaintiffs*

        By: /s/ Joshua Sheskin
        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com
        Florida Bar Number: 93028