**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:16-CV-20709-UU

ANA BACALLAO,

    Plaintiff,

v.

J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, individually,

    Defendant.

_____/

**PLAINTIFF'S VERIFIED MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

COMES NOW, Plaintiff, ANA BACALLAO, by and through the undersigned counsel, pursuant to *Fed. R. Civ. P.* 54, 55, 29 U.S.C. §216(b), *Local Rules* 7.1 and 7.3, and other applicable Rules and laws, requests that the Court enter an Order determining her attorneys' fees, costs, and reasonable expenses of litigation to be paid by Defendants, J.H. ZIDELL, P.A. and JAMIE H. ZIDELL, based on the following good cause:

**I. INTRODUCTION**

1. This is an action for unpaid wages brought under the Fair Labor Standards Act 29 U.S.C. 201 et. seq. for unpaid wages.

2. Defendants filed a Motion to Dismiss seeking dismissal of the Complaint based on a purported contract entered into between the Plaintiff and Defendants. Defendants' Motion to Dismiss was denied, and Defendants filed an Answer Affirmative Defenses denying any liability and filing a Counterclaim agains the Plaintiff.

3. Defendants disputed Plainiff's claim that she worked in excess of 50 hours and claimed that she was "contractually forbidden from working in excess of (50) hours." *See* Answer and Affirmative Defenses (D.E. 18). Furthermore, Defendants disputed that they had actual or constructive knowledge of Plaintiff's working hours. *Id.*

1

4.	In response to Defendants' Counterclaim, Plaintiff filed a Motion to Dismiss and the Motion to Dismiss was granted.

5.	Defendants subsequently filed an amended counterclaim, and in response, Plaintiff filed its Motion to Dismiss.

6.	On July 5, 2016, prior to the Court ruling on Plaintiff's Motion to Dismiss Counterclaim, the parties entered into a settlement agreement whereby Defendants agreed to settle the Plaintiff's Complaint and the Defendants' Counterclaim.[1]

7.	Pursuant to the Settlement agreement, Defendants agreed to pay the Plaintiff's counsel a reasonable fee as determined by the Court.

## II.  ARGUMENT

### A. Plaintiff Is Entitled To Recover His Reasonable Attorneys' Fees On An Ongoing Basis.

Plaintiff is entitled to all attorneys' fees, including the time spent litigating entitled of fees, until the Court enters an order awarding attorneys' fees. *Jonas v. Stack*, 758 F.2d 567, 568 (11th Cir. 1985). Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover attorneys' fees incurred in litigating entitlement to and the amount of fees to be recovered from the Defendants. *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003)(discussing "fees for litigating fees").

### B. Calculating Plaintiffs' Counsel's Reasonable Attorneys' Fees and Costs.

As outlined by the Eleventh Circuit Court of Appeals in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. Id. at 435-37; Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir.1988).

---

[1] The Parties agreed to keep the settlement agreement confidential.

1. <u>Plaintiff's counsel expended a reasonable number of hours.</u>

Counsel for a prevailing plaintiff should be paid consistent with attorneys who are compensated by a fee-paying client for all time he/she reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit court of Appeals explained that, "hours reasonably expended" meant "billable hours", such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth., 847 F.2d 738* (11th Cir. 1988). The sworn testimony of the undersigned is evidence that is to be given "considerable weight" of the time required and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.*

2. <u>Plaintiff's hourly rate for this type of litigation is reasonable.</u>

Plaintiff's counsel, Pavel Kogan, Esq., seeks an hourly rate of $350.00 per hour for each hour that he worked on this case.

The initial estimate of a reasonable hourly attorneys' fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based upon prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court also should analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of

the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

Plaintiff's counsel is Pavel Kogan, who has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 2009. He has also been admitted to practice in the District Court of the Middle District of Florida and the Eleventh Circuit Court of Appeals. Mr. Kogan is AV rated by Marindale-Hubell and has been selected as a Florida Rising Star 2016 by Super Lawyer. Mr. Kogan has been practicing civil litigation in Florida state and federal courts since 2009 and has represented numerouse individuals and business in Florida state, federal courts, and appellate courts, and has represented FLSA Defendants in this Court. In handling matters before this Court, regardless of whether the claim involves employment, business, insurance, or other matters, Mr. Kogan's customary rate actually paid by clients is $350 per hour and drawn against a retainer. This case, in contrast, provides Mr. Kogan with no guarantee of payment for the services he rendered in connection with Plaintiff's claims, nor for the risk involved of advancing costs for this lawsuit.

This risk is readily apparent in the present case, as Defendant is a Plaintiff's lawyer who practices employment law, specifically FLSA, in this District, and is known to aggressively pursue such actions against employers. Furthermore, the risk was further born by Mr. Kogan when Defendants served him with a Motion for Sanctions and filed their Motion to Dismiss the Plaintiff's Complaint.

In addition, agreeing to represent this Plaintiff precluded Mr. Kogan from handling other matters for fee-paying clients. For this reason, Plaintiff agreed as follows in the fee agreement:

> As compensation for their services, I agree to pay my said attorneys from the proceeds of recovery, the following: … 35% of any recovery after the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment.
>
> Notwithstanding any of the above, in the event that attorney's fees are recovered based upon an award determined by the Court, the

4

>amount recovered shall be a reasonable amount as determined by the Court using an hourly fee of not less than $350.00 per hour and may be greater than the agreed percentage of the total gross award and shall not be restricted to any percentage referenced and may include any multiplier the Court deems appropriate. All the retainer expense and costs which have been previously paid will be reimbursed from the funds recovered from the Defendants for costs and fees.
>
>All reasonable expenses incurred by Attorney in the handling of this project shall be deducted from the gross settlement proceeds at the time the case is settled or resolved, and after the contingent fee is calculated.

Furthermore, the time expended, rate sought, and fees and costs incurred in the prosecution of this matter by Pavel Kogan and Kogan Prober, P.A. are both reasonable and reasonably expended.[2]

3.  Lodestar Adjustment

Plaintiff does not request that the Court adjust the lodestar in this case, and to instead award counsel no more than the reasonable attorneys' fee rate of $350.00/hour. This amount reflects the result obtained for Plaintiff. In setting the requested fee, it is well settled that "'the most critical factor' in calculating a reasonable fee award 'is the degree of success obtained.'" *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The Court may make an upward adjustment to the lodestar based upon, "the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained." *Pen. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986).

Plaintiff's counsel has paid careful attention to not bill for duplicative efforts, nor to bill for careless or excessive work. Cf., Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1348 50 (S.D. Fla. 2008).

---

[2] This Court has previously awarded an associate with similar experience a rate of $400.00 per hour in an FLSA matter. *See e.g. CC-Aventura, Inc. v. Weitz Co.*, 2008 WL 276057 (S.D. Fla. 2007)

4.   <u>The attorneys' fee award.</u>

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for her counsel, Pavel Kogan, Esq. of Kogan Prober, P.A., of $28,595.00, for time spent as follows:

- Pavel Kogan, Esq. – 81.7 hours @ $350/hour = $28,595.

See **Exhibit "A"**.

5.   <u>The taxable costs award.</u>

Plaintiff appended his Bill of Costs to identify the taxable costs for this action, which includes the filing costs. See **Exhibit "B"**. Plaintiff seeks recovery of his costs pursuant to the Bill of Costs filed herewith.

The sole item identified by the Plaintiff in the Bill of Costs is a specifically taxable cost identified in 28 U.S.C. §1920 which include the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff's taxable costs on his Bill of Costs includes the following:

Filing Fee:   $ 400.00

6.   <u>The supplemental fees / costs award.</u>

Not included in the Bill of Costs are other fees, such as parking, postage, case-specific supplies, and post-judgment expenses that were necessarily incurred in the prosecution of this action. While labeled as "costs", expense items such as parking, postage, and supplies should

6

be taxed against Defendants as "fees", since these expense items would normally be borne by fee-paying clients. The Eleventh Circuit Court of Appeals considered whether expenses that are necessary for the prosecution of a COBRA case such as mediation fees, travel, and parking costs could be properly taxed against a losing Defendant in *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014). The Eleventh Circuit recognized that the following analysis should control whether these types of expenses should be taxed against the losing party based upon a statutory prevailing party attorneys' fee provision:

> This Court has previously held that § 1132(g) should be interpreted consistently with similar language in other fee-shifting statutes. See Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1315 (11th Cir. 2001). And, this Court has held that under 42 U.S.C. § 1988 — which, like § 1132(g)(1), allows for a "reasonable attorney's fee"—a party may recover "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case." A.C.L.U. of Ga. v. Barnes, 168 F.3d 423, 438 (11th Cir. 1999) (quoting Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983)); see also Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987) ("[A]ttorney's fees include expenses that are 'incidental and necessary' to the representation, provided they are 'reasonable.' " (quoting Northcross v. Bd. of Educ., 611 F.2d 624, 639 (6th Cir. 1979), cert. denied, *1299 447 U.S. 911, 100 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1980))); Planned Parenthood of Cent. N.J. v. Attorney General of State of N.J., 297 F.3d 253, 267 (3d Cir. 2002) ("Out-of-pocket expenses are included in the concept of 'attorneys' fees' as 'incidental and necessary expenses incurred in furnishing effective and competent representation,' and thus are authorized by § 1988."); Associated Builders & Contractors of La., Inc. v. The Orleans Parish Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990) ("reasonable attorneys' fee" under § 1988 includes "reasonable out-of-pocket expenses ... normally charged to a fee-paying client, in the course of providing legal services."). Indeed, the Supreme Court has held that fee shifting statutes with language similar to § 1988 should be interpreted like § 1988. See City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).
>
> Based upon these precedents, it would appear that the definition of costs under § 1920 is not controlling and that Evans' ($2,460.67) expenses for mediation, legal research, postage and travel may be awarded as attorneys' fees if the district court determines they were reasonably incurred in the course of case preparation, settlement, or litigation. See Missouri v. Jenkins, 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (permitting

7

> recovery under § 1988 of cost of services provided by clerks and paralegals). [Fn. omitted.] And, we see no reason to distinguish mediation fees from other expenses which may be recovered under § 1988. See Barnes, 168 F.3d at 438; see also Hansen v. Deercreek Plaza, LLC, 420 F.Supp.2d 1346, 1355 (S.D. Fla. 2006) ("Although mediation fees are not compensable under § 1920, they are compensable litigation expenses under the ADA."). We therefore hold that reasonable litigation expenses such as mediation, legal research, postage, and travel may be recovered under § 1132(g)(1) if it is the prevailing practice in the legal community to bill fee-paying clients separately for those expenses. See Jenkins, 491 U.S. at 285–87 & n. 9, 109 S.Ct. 2463. Because the district court did not consider the prevailing practice in the local community or the reasonableness of Evans' expenses, we remand on this issue.

It is the undersigned's practice, to routinely bill (and shift the burden of paying to) fee-paying clients for such things as parking, postage, case-specific supplies, and mediation fees. The undersigned's practice of passing these costs on to fee-paying clients is in accordance with the practice in the community for passing through or passing along such costs to fee-paying clients. Consequently, items such as parking, postage, case-specific supplies, mediation fees, and post-judgment expenses, "may be awarded as attorneys' fees if the district court determines they were reasonably incurred in the course of case preparation, settlement, or litigation." *Evans, supra*.

Parking – Plaintiff's counsel was required to travel to the Courthouse and park for hearings. Furthermore, Plaintiff's counsel was required to travel for depositions and was required to park and pay for the parking. These expenses were necessarily incurred in the prosecution of this action.

Each of the above-referenced costs was necessarily incurred towards the successful prosecution of this action.

7. Total attorneys' fees and costs award.

Total Attorneys' Fees:      $28,595.00

Total Costs:                $420.25

Total Attorneys' Fees and Costs: $29,015.25

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to award his reasonable attorneys' fees and costs as requested above, jointly and severally, from Defendants and to retain jurisdiction for enforcement.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3

I hereby certify that I have complied with Local Rule 7.3 by fully reviewing the time records and supporting data in support of this Motion and that this Motion is well-founded in fact and justified. Plaintiff's counsel has made a good faith attempt at resolving this Motion by contacting Defendants via email in an effort to resolve the issues raised herein, but Defendants do not agree to the fees and costs saught. Lastly, a draft of my fees/costs ledger was emailed to the Defendants on July 15, 2016 prior to filing this Motion, Defendants responded that any fees and costs in excess of $3000 would require the filing of a motion.

## VERIFICATION

By my signature below, I execute this declaration in Broward County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated July 21, 2016.

*Paul Kogan*
_____
Pavel Kogan

Respectfully Submitted,

KOGAN PROBER, P.A.
Attorneys for Ana Bacallao,
Museum Plaza, Suite 901
200 S. Andrews Avenue
Ft. Lauderdale, FL 33301
Telephone: (954) 281-8888
Facsimile: (954) 333-1505
Email: pkogan@koganprober.com
service@koganprober.com

By: /s/ Pavel Kogan
PAVEL KOGAN, ESQ.
FLORIDA BAR NO.: 64339

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of foregoing was electronically filed this 26th day of July, 2016 with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to: **K. David Kelly, Esq.**, david.kelly38@rocketmail.com **J.H. Zidell, Esq.**, zabogado@aol.com, and **Joshua H. Sheskin, Esq.**, jsheskin.jhzidellpa@gmail.com.

By: /s/ Pavel Kogan
PAVEL KOGAN, ESQ.
FLORIDA BAR NO.: 64339

10