UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20709-CIV-AOR

[CONSENT CASE]

ANA BACALLAO,                          )
                                       )
        Plaintiff,                     )
    vs.                                )
                                       )
                                       )
JAMIE H. ZIDELL, and                   )
J.H. ZIDELL, P.A.                      )
                                       )
                                       )
        Defendants.                    )
                                       )
                                       )
_____ )

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS AND REQUEST FOR EVIDENTIARY HEARING**

COME NOW the Defendants, through counsel, pursuant to the Federal Rules of Civil Procedure, and respond to the above-described Motion filed as [DE 49] as follows:

**INTRODUCTION**

1. This matter sounds under the Fair Labor Standards Act alleging violations of the overtime laws.

2. Plaintiff seeks imposition of fees and costs under a Settlement Agreement approved by the Court.

3. Plaintiff seeks $400 in costs regarding the filing fee, as set forth in the Bill of costs filed with the Motion.

4. In addition, Plaintiff seeks ($28,595) for attorneys fees. Defendants state that the fees sought by Plaintiff are not reasonable and should be reduced significantly.

1

For the reasons set forth below, Plaintiff's fees should be reduced by at least 95%. Also, as set forth below, Defendants request and evidentiary hearing regarding the Motion at issue, and may request that no fees or costs be awarded depending on the evidence adduced at the evidentiary hearing.

5. As set forth in Para. 2 of the Settlement Agreement (emphasis added), "…Defendants agree to pay to Plaintiff's counsel an amount in reasonable fees **(if any)** and costs which the Court finds to be reasonable after Defendants have an opportunity to contest the reasonableness of the fees and costs." Consequently, the Settlement Agreement contemplates the possibility that special circumstances may be found by the Court which may justify an award of no attorneys fees, and Defendants find that such needs to be necessarily addressed at an evidentiary hearing as discussed more fully below.

## MEMORANDUM OF LAW AND ARGUMENT

I.   <u>Plaintiff Failed to Engage in a Pre-suit Conferral</u>.

Under *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 890 (11th Cir. 2010)(emphasis added), because Defendants are a law firm and attorney, Plaintiff should have engaged in pre-suit communications with Defendants, but did not do so. The Eleventh Circuit stated in *Sahyers* that "[t]he panel created no procedural rule requiring pre-suit notice in FLSA cases: even notices from suing lawyers to lawyers to be sued in their individual capacity. Nor do I understand the District Court to have created such a hard-edged rule even for lawyers suing lawyers, **although the absence of any notice was obviously an important consideration in the fee determination**, particularly given all the circumstances (no looming statute of limitations, no concerns about a fleeing defendant, the local litigation customs among lawyers, the difficulty in determining what

2

plaintiff claimed she was owed, the small settlement, and so on)." *Id.* Thus the Eleventh Circuit in *Sahyers* has stated that "absence of any notice was obviously an important consideration in the fee determination", and in the case at bar this Court should therefore significantly reduce or eliminate the attorneys fees sought by Plaintiff due to her lack of pre-suit conferral.

Not only did Plaintiff have no justification for failing to engage in a pre-suit conferral, the Statement of Claim was not filed[1] by Plaintiff until 6/22/16 [DE 38]. Plaintiff was deposed on 6/23/16. Therefore, Plaintiff made no reasonable efforts to confer regarding her claim, and did not even quantify her alleged damages until a day before her deposition.[2]

II. <u>Fees Should be Reduced Due to Limited Success</u>.

As indicated by the Statement of Claim filed by Plaintiff on 6/22/16 [DE 38], Plaintiff was claiming a total liquidated amount of $28,413, not including fees and costs. The Court is aware of the amount Plaintiff received in this matter,[3] as the Settlement Agreement was reviewed *in camera* due to the confidentiality provision. Consequently, the Court should give significant weight to the fact that Plaintiff received far less under the Settlement Agreement than she sought.

As stated by the Southern District of Florida, "[i]f ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. In such a case, the district court has the discretion to reduce the modified lodestar amount to reflect

---

[1] Thus, Defendants did not even know how much Plaintiff was claiming until the day before Plaintiff's deposition occurred.
[2] This case settled during Plaintiff's deposition.
[3] Plaintiff received approximately 20% of what she claimed.

3

the degree of success obtained. *See id.* at 436-37. *Roldan v. Pure Air Sols., Inc.*, No. 07-22203CIVTORRES, 2010 WL 410571, at *6 (S.D. Fla. Jan. 29, 2010)  The *Roldan* Court went on to state that "although the fee award need not be proportionate to the amount of damages a plaintiff actually recovers, it is a factor that a court should consider when contemplating a reduction of the modified lodestar amount. *See also City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)." *Roldan*, at *6 (S.D. Fla. Jan. 29, 2010).

The reasoning in *Roldan* underscores why a significant reduction in fees is justified in the instant case, in light of the limited recovery Plaintiff received in comparison to the Statement of Claim filed by Plaintiff [DE 38].  As noted by *Roldan*,

> Furthermore, the cases cited by Plaintiff illustrating low dollar recoveries where material fee awards were entered are largely distinguishable. Many of them involved situations where Plaintiff obtained almost all that was claimed, but that amount was relatively small in the scheme of things. That is a far cry from this case, where Plaintiff did not recover most of what was claimed, and what was ultimately obtained was quite minimal. A reduction in the lodestar under these circumstances is far more warranted than a case where a plaintiff recovers all he was due from a stubborn defendant after great litigation expense. In that case, a complete fee award is required. This is not such a case. Hence, rather than meriting a 25% reduction in the lodestar, the record in this case supports *at best* only a 25% award from that lodestar calculation. In other words, a 75% reduction would be appropriate to address a limited recovery, which would never have seen the inside of a courtroom, had it not been latched onto a far greater overtime claim that merited a trial but proved to be unsuccessful.
> In *Hensley* parlance, the amount of hours incurred in this case are wholly in excess for what should have been required for the limited recovery obtained.
> Roldan, at *7 (S.D. Fla. Jan. 29, 2010).

In *Anderson v. Stiefel Aluminum Inc.*, No. 8:12-CV-1756-T-30MAP, 2013 WL 3714089, at *2 (M.D. Fla. July 15, 2013)(emphasis added), the court found that "[u]nder the facts of this case, the Court concludes that Plaintiff's success was extremely limited. Thus, the lodestar should be *significantly* reduced. *See Roldan,* 2010 WL410571, at *7

4

(**ordering an eighty-five percent reduction in an FLSA fee request due to limited success** at trial); *see also Andriello v. CFI Sales & Mktg.,* 2012 WL 3264506, at *3 (noting that the Magistrate reduced the lodestar by seventy percent in large part because of the very limited results that the plaintiffs achieved).  The *Stiefel Aluminum Inc.* Court went on to hold that "[a]ccordingly, with respect to Plaintiff's attorney's fees, the Court reduces the lodestar amount of $63,630.00 to $7,175.00, which reflects the amount of fees that are reasonable given Plaintiff's extremely limited success in this case as outlined above. This amount is a little more than eleven percent of the lodestar amount, which is the amount Defendants averred in their response."  Plaintiff also attaches a Report and Recommendation from this Court in *Luzardo v Triton Window Distributor*, 14-23622-CIV-SCOLA/OTAZO-REYES, at 4-5 (S.D. Fla. 1/28/16), wherein the Court reduced attorneys sought to 50% due to limited recovery.

    III.    <u>Specific Challenges to Billing Entries and Billing Rate</u>.

Plaintiff's counsel seeks a rate of $350 per hour.  Plaintiff's counsel has been a member of the Florida Bar and Southern District since 2009 (4/14/09 per the website of the Florida Bar).  Although Plaintiff's counsel sets forth some details regarding his experience and credentials, upon conferral as to FLSA litigation, Plaintiff's counsel disclosed that he was only "involved in at least 3 other FLSA cases that were filed and a couple that were not."  Plaintiff attaches an order from *Picado v. Zamora*, 14-23021-LENDARD/GOODMAN, at 11-12 (S.D. Fla. 3/11/16), where this Court addressed a rate of $350 per hour regarding an attorney at the undersigned Firm who had (17) years

experience. In *Picado*, the Court reduced the rate to $250[4] per hour as the attorney "only very recently began handling FLSA cases." *Id*. Defendants attach herewith an Affidavit regarding Defendants' counsels' fee rates, as required by the Local Rules.

In *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 911–12 (11th Cir. 2010), the Court set the hourly rate in that case at $175. In *Carey Int'l, Inc.*, the Court found that "the plaintiffs contend that the district court erred when it set attorney Kleppin's hourly rate at $175. In their sessions with the special master, the plaintiffs did not submit expert fee affidavits because the master planned to set the hourly rate as it was determined by the district court in a related case, *Powell v. Carey International, Inc.,* 547 F.Supp.2d 1281 (S.D.Fla.2008).[2] In his report the special master noted, "At the time the parties agreed to have me issue this report and recommendation[,] they were aware that I had intended to rely on the hourly rates utilized *912 by the Court in the not yet issued *Powell* fee orders in my report. At that time, neither party objected." (R.4–131 at 13 n. 9.) The plaintiffs' objections quickly arose, however, after the district court decided to set Kleppin's hourly rate at $175 in *Powell." Id.* With respect to the case at bar, although the current Local Rules do not require an expert fee affidavit, Plaintiff's counsel has not submitted any Orders awarding him fees in an FLSA matter. As stated, as to FLSA litigation, Plaintiff's counsel disclosed that he was "involved in at least 3 other FLSA cases that were filed and a couple that were not." The only case numbers Plaintiff's counsel provided (concerning FLSA matters) were 13-81071, 12-20624, 15-21830 and none of them included an Order awarding fees to Plaintiff's counsel.

---

[4] Defendants suggest that an appropriate rate for Plaintiff's counsel in this matter is $160 per hour.

In addition to the fact that Plaintiff's fees should be significantly reduced as set forth above (and perhaps there should be no award of fees or costs at all as set forth below in relation to Defendants' request for an evidentiary hearing), Defendants challenge various of Plaintiff's billing entries in the following chart.

| Date | Time Entry | Objection. | Suggested reasonable amount |
|---|---|---|---|
| 2/29/16 | .5 | Block billing regarding multiple e-mails. | |
| 3/14/16 | .2 | Block billing regarding multiple e-mails. | |
| 4/6/16 | 4.5 | Block billing as to review, research and MTD response preparation. | |
| 4/7/16 | 2.5 | Excessive billing for initial draft of JSR. | .5 |
| 4/7/16 | 1.3 | Excessive billing for revising JSR. | .2 |
| 4/8/16 | 1.0 | Excessive billing for drafting scheduling order. | .2 |
| 4/28/16 | 1.5 | Excessive billing to review disclosures and a document. | .3 |
| 4/28/16 | .5 | Block billing regarding multiple e-mails. | |
| 5/6/16 | 1.5 | Block billing and excessive billing regarding coordination of mediation and preparing proposed order. | .4 |
| 5/9/16 | 5.0 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA. Also | 0 |

|         |     |                                                                                                                                                          |    |
|---------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------|----|
|         |     | block billing regarding work performed. Excessive.                                                                                                        |    |
| 5/19/16 | 1.2 | Block and excessive billing regarding e-mails and coordination of depositions.                                                                            | .2 |
| 5/26/16 | .5  | Block billing regarding multiple e-mails.                                                                                                                 |    |
| 5/27/16 | 4.2 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA. Also block billing regarding work performed.                 | 0  |
| 6/14/16 | 2.5 | Excessive billing to draft initial discovery requests.                                                                                                    | .5 |
| 6/15/16 | 3.5 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA. Excessive.                                                   | 0  |
| 6/20/16 | 2.0 | Block billing regarding review and preparation of the Motion. Excessive.                                                                                  |    |
| 7/8/16  | .5  | Block billing regarding multiple e-mails.                                                                                                                 |    |
| 2/26/16 | 1.5 | Block billing regarding preparing complaint and other documents. Also, Plaintiff spent time on Count II which she eventually had                          | .8 |

8

|         |     |                                                                                                                                                                                                         |   |
|---------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---|
|         |     | to voluntarily dismiss.                                                                                                                                                                                 |   |
| 4/18/16 | .8  | Excessive as part of this involves Defendants' Counterclaim and Defendants' Counterclaim was not related to the FLSA matter.                                                                            |   |
| 5/10/16 | .1  | No fees should be awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA.                                                                                        | 0 |
| 5/31/16 | .3  | No fees should be awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA.                                                                                        | 0 |
| 5/24/16 | 3.5 | Block billing as to separate discovery responses reviewed. This is also excessive as there was no voluminous documents in this case.                                                                    |   |
| 5/28/16 | 3.5 | Block billing as meeting and review.                                                                                                                                                                    |   |
| 6/6/16  | 4.3 | Excessive regarding preparation of discovery responses, and Plaintiff produced very few documents in this matter. Also, the Supplemental Responses were given as Plaintiff's first responses were inadequate and thus |   |

9

| | | | |
|---|---|---|---|
| | | Plaintiff caused this time unnecessarily. Plaintiff produced virtually the same documents that Defendants produced with initial disclosures, and Plaintiff did so to avoid a motion to compel which is the reason for the supplemental responses. | |
| 6/9/16 | 1.2 | Excessive for Initial Disclosures as Plaintiff disclosed and produced very few documents in this matter. Plaintiff identified no specific documents, and did not even include a calculation of damages. Also, Initial Disclosures were very untimely under the rules. In the JSR the Parties agreed to 4/30/16, and the undersigned still had not received upon conferral on 6/7/16. | |
| N/a | $20 | Defendant object to these costs in the Motion, as the Bill of Costs filed as Exhibit B only lists $400. | |
| 6/14/16 | 1.5 | Block billing for review, preparing witness list and request to counsel. Excessive. | |
| 6/16/16 | .1 | No fees should be | 0 |

|         |     |                                                                                                                                                                |     |
|---------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|
|         |     | awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA.                                                                 |     |
| 6/21/16 | .5  | Block billing for e-mails.                                                                                                                                     |     |
| 2/26/16 | .2  | Excessive.                                                                                                                                                     | .1  |
| 3/21/16 | .2  | Excessive.                                                                                                                                                     | .1  |
| 3/21/16 | 1.0 | Excessive.                                                                                                                                                     | .3  |
| 3/29/16 | .5  | Block billing, no description.                                                                                                                                 |     |
| 4/11/16 | .5  | Excessive.                                                                                                                                                     | .2  |
| 5/10/16 | 1.0 | Block billing                                                                                                                                                  | .4  |
| 5/30/16 | .3  | Block billing. Excessive.                                                                                                                                      | .1  |
| 5/31/16 | .2  | Excessive for review.                                                                                                                                          | .1  |
| 6/3/16  | .2  | Excessive for review.                                                                                                                                          | .1  |
| 6/3/16  | .2  | Excessive for review.                                                                                                                                          | .1  |
| 6/9/16  | .5  | Block billing and excessive.                                                                                                                                   | .2  |
| 6/16/16 | .3  | Block billing and excessive.                                                                                                                                   | .1  |
| 6/21/16 | .6  | Excessive.                                                                                                                                                     | .2  |
| 6/22/16 | 1.5 | Excessive.                                                                                                                                                     | .5  |
| 6/23/16 | 6.0 | Counsel recalls the deposition itself was shorter and refers to the case law below regarding portal to portal entries that include travel.                      | 4.0 |
| 7/15/16 | 2.0 | Defendants refer to the case law below regarding portal to portal entries that include travel. The docket reflects such hearing took 20 minutes [DE 48].       | .4  |
| 6/24/16 | .3  | Excessive.                                                                                                                                                     | .1  |
| 6/27/16 | .6  | Excessive.                                                                                                                                                     | .2  |

11

| 6/29/16 | .3  | Excessive. | .1  |
| 7/6/16  | .2  | Excessive. | .1  |
| 7/20/16 | 5.5 | Excessive. | 2.0 |

As set forth above, Plaintiff's counsel has utilized highly excessive and block billing. Moreover, Defendants object to Plaintiff's counsel's attempts to collect fees related to Defendants' counterclaim. A prevailing Plaintiff in an FLSA matter is entitled to seek reasonable attorneys' fees under 29 U.S.C. 216(b). However, Plaintiff is not entitled to seek fees for its efforts to defend and dismiss the Counterclaim[5] brought by Defendants. It does not appear that Plaintiff has cited any case law justifying attorneys' fees in relation to the counterclaim.

Further with respect to the block billing and non-related FLSA work, in *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 913–14 (11th Cir. 2010) the Court noted that "[t]hat chart shows that the largest single block of time disallowed is 34.3 hours for work defending against the defendants' counterclaims. (R–4.131 at 11.) The special master concluded that it was "[n]on-compensable work as not related to prosecution of FLSA claims." (*Id.*) The district court agreed. (R–4.146 at 7.) The sole basis for the plaintiffs' argument that they should have been compensated for their counsel's work on the counterclaims is rooted in *Lawrence v. Credit Thrift of Am., Inc.*, 622 F.2d 1207 (5th Cir.1980).[3] There is a problem with their reliance on that decision, which is that the decision was vacated when the case was taken en banc. 628 F.2d 931 (5th Cir.1980) (en banc). The en banc opinion in *Lawrence* held that the "portion of the opinion of the district court which denies plaintiff recovery of attorney's fees for time spent in defending the compulsory counterclaim is affirmed by an evenly divided court." *Lawrence v.*

---

[5] There is no statutory basis for fees related to the Counterclaim.

12

*Credithrift of Am., Inc.,* 644 F.2d 506 (5th Cir.1981). As a result, that part of *Lawrence* has no precedential value. *See Lacy v. Gen. Fin. Corp.,* 651 F.2d 1026, 1028 (5th Cir. Unit B July 1981) ("An affirmance by an evenly divided court, however, has no precedential value...."). In the *Lacy* opinion, our predecessor court explained that the Truth in Lending Act permits the award of reasonable attorney's fees if those fees are incurred in order to enforce TILA liability. *Id.* at 1029. The counterclaim in *Lacy,* which was for the balance of underlying debt, *914 was related to the TILA claim and was a compulsory counterclaim. *Id.* at 1027, 1029. The court held, however, that the **prevailing plaintiff could not collect attorney's fees incurred in the defense of the counterclaim because it did not arise under TILA.** *Id.* **That reasoning applies with equal force to the Fair Labor Standards Act claims in the present case.** Furthermore, as the district court recognized, time spent on discrete and unsuccessful claims is not compensable. *See Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1940; *Norman,* 836 F.2d at 1302. Thus, the district court correctly concluded that the time plaintiffs' counsel spent on the counterclaims was not compensable (emphasis added)."

In *Caballero v. Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001, at *4 (S.D. Fla. May 3, 2011), this Court stated that "that the plaintiffs' minimum wage claims are intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims. *See Hensley,* 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues."); *Norman,* 836 F.2d 1302 ("It is improper to make the reduction based on a simple ratio of successful issues to issues

13

raised." (citations omitted)). However, the Court finds that the plaintiffs' retaliation claims are intertwined with the plaintiffs' overtime claims in part but are distinct in some respects, thus a reduction in fees by 15 percent is appropriate for the retaliation claims. *See Hensley,* 461 U.S. at 436–40 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.... [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). The Court finds that a further reduction by 20 percent is appropriate for excessive billing. *See Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir.2008) ("When a district court finds the number of hours claimed is unreasonably high, the court ... may reduce the requested hours with an across-the-board cut." (citing *Loranger,* 10 F.3d at 783)."

In light of *Sum Yum Gai, Inc.*, this Court should find further reason to not award any fees for Plaintiff's billing regarding Defendants' counterclaim. Under *Sum Yum Gai, Inc.*, clearly minimum wage and overtime claims are related, and they both can be brought under the FLSA (although a higher minimum wage rate and longer statute of limitations is available if a minimum wage count is brought under Florida law). However, in the instant case, Defendants' Counterclaim concerned alleged breach of contract and unjust enrichment under Florida law, and such counts under the Counterclaim are not wage claims that could otherwise be brought under the FLSA. Moreover, the Court should reject Plaintiff's excessive billing as set forth in the above chart. *See also*, attached order in *Ravelo v. Doorman's Private Ride Service, Inc.*, 13-60256-CIV-DIMITROULEAS/SNOW, at 5 (S.D. Fla. 12/5/14), where fees were reduced

by 67% (down to "33%" of the total requested) where this Court found excessive hours and limited results.

In *Antonio v. A Navas Prod., Inc.*, 09-22847-CIV., 2011 WL 3518258, at *2 (S.D. Fla. 2011), the this Court stated that "[f]urther, the attorneys repeatedly charge for their travel time—"from portal to portal," (Mot.Ex.3). The Court declines to award fees for this. Because the entries read, for example, "Portal to portal attendance at calendar call" or "Portal to portal attendance a[sic] trial," the Court cannot determine the precise amount of time spent in transit. *See also* analogously, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1260 (M.D. Ala. 2000) ("A reasonable fee for an attorney's attendance at a deposition is allowed to compensate him for the actual time involved in taking the deposition and the time necessarily lost in rendering services on other matters. It is not intended to be a portal-to-portal charge for his total time out of the office."). Defendants cite these cases in opposition to Plaintiff's entries on 6/23/16 (6.0 for deposition) and 7/15/16 (2.0 for hearing) as it appears such includes travel.  The docket reflects such hearing took 20 minutes [DE 48].

IV. <u>Defendants Request an Evidentiary Hearing regarding Possible Special Circumstances</u>.

As set forth in Para. 2 of the Settlement Agreement (emphasis added), "…Defendants agree to pay to Plaintiff's counsel an amount in reasonable fees **(if any)** and costs which the Court finds to be reasonable after Defendants have an opportunity to contest the reasonableness of the fees and costs."  Consequently, the Settlement Agreement contemplates the possibility that special circumstances may be found by the Court which may justify an award of no attorneys fees, and Defendants find that such needs to be necessarily addressed at an evidentiary hearing.

Defendants request that the Court set Plaintiff's Motion at bar for an evidentiary hearing, and order that Plaintiff Ana Bacallao must be present at such evidentiary hearing to provide testimony.  This evidentiary hearing is requested because, the day after this matter settled, Plaintiff Ana Bacallao contacted J.H. Zidell, Esq. via text and voicemail, and, among other things, apologized to Mr. Zidell for what she did to his business, complained about her legal representation, and stated that other attorneys were involved in this matter.[6]   Plaintiff Ana Bacallao also stated possible intentions to contact The Florida Bar.  Neither Mr. Zidell, nor anyone at the undersigned Firm, spoke with Plaintiff Ana Bacallao in response thereto; however thereafter, the undersigned sent an e-mail to Plaintiff's counsel alerting him that Plaintiff had left *ex parte* messages.

In *Goss v. Killian Oaks House of Learning,* 248 F.Supp.2d 1162, 1168 (S.D.Fla.2003), the Court declined to award a prevailing party attorney's fees finding that "special circumstances" existed that "render[ed] an ... award of attorney's fees unjust." In *Goss,* the plaintiff's counsel spent 49.1 hours litigating a claim for $316.00, of which 23.2 of those hours were litigated after "the case had settled due to full and complete payment of the claims." 248 F.Supp.2d at 1167–68. Under those circumstances, the Court concluded that the matter could have settled without litigation had the plaintiff's counsel acted in good faith, and had plaintiff's counsel not "engage[d] in a pattern of behavior aimed at inflating the level of attorney's fees," which "shock[ed] the conscience of the Court." *Goss,* 248 F.Supp.2d at 1168–69.

An an award of attorney's fees can be reduced for raising unsupported claims that prolong litigation and prevent settlement negotiations. *See Powell v. Carey Int'l, Inc.,* 547

---

[6] Specifically, she texted Mr. Zidell that she was being harassed and was pushed to file this case by another attorney who insisted she do this.

F.Supp.2d 1281, 1286, 1288 (S.D.Fla.2008). In *Powell,* the Court reduced the plaintiff's requested attorney's fees by 67 percent, in part due to plaintiffs' counsel's "unrealistic and legally unsupported damage calculations" that "precluded pursuit of settlement, unnecessarily prolonged the litigation, and increased costs." *Id* .

The undersigned has conferred with defense counsel Mr. Kogan regarding the request for an evidentiary hearing.  However, Mr. Kogan opposes an evidentiary hearing.  However, Defendants believe an evidentiary hearing is necessary in this matter, and it is important that the Court order Plaintiff Ana Bacallao to be present at such evidentiary hearing to provide testimony.[7]  In light of the disturbing *ex parte* messages that Plaintiff left for Defendant Mr. Zidell, the Court needs to determine whether any "special circumstances" are present in the instant case that might justify no award of attorneys fees or costs.

V.     Conclusions.

Plaintiff has provided case law herein where fees were reduced as much as 89%, due to limited recovery.  *See supra*, *Roldan* regarding the 85% reduction.  *See also* reductions in *Stiefel Aluminum Inc.* and *Luzardo, supra.*  As stated *supra*, the *Stiefel Aluminum Inc.* Court reduced the lodestar amount of $63,630.00 to $7,175.00 due to extremely limited success **which is an approximate 89% reduction**.  However, in light of Plaintiff's failure to confer pre-suit under *Sahyers, supra*, and the challenged billing entries, Defendants request that Plaintiff's fees be reduced by 95%[8] as such factors exacerbate Plaintiff's limited success in this matter.  Moreover, as stated, Defendants request an evidentiary hearing and that Plaintiff be ordered to appear at same to provide

---

[7] Mr. Zidell has Plaintiff's voicemail and text messages to present to the Court.
[8] If any fees are awarded at all.

17

testimony. Defendants reserve their right to argue that Plaintiff should be awarded no fees or costs should "special circumstances" be established under *Goss, supra.* Also, as set forth in the Chart above, Defendants object to the $20 cost in the Motion, as the Bill of Costs filed as Exhibit B only lists the $400 filing fee and therefore the Motion does not establish reimbursement under Section 1920.

WHEREFORE, THE DEFENDANTS REQUEST THAT THE COURT REDUCE ANY RECOVERY OF ATTORNEYS FEES BY AT LEAST 95%, DISALLOW THE SAID $20 COST, AND ALSO THAT THE COURT ORDER AN EVIDENTIARY HEARING REQUIRING THAT PLAINTIFF ANA BACALLAO BE PRESENT TO PROVIDE TESTIMONY.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. DAVID KELLY_____
          K. DAVID KELLY, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON __8/2/16__ TO:

ALL CM/ECF RECIPIENTS

PAVEL KOGAN, ESQ.
KOGAN PROBER, P.A.
MUSEUM PLAZA
200 S. ANDREWS AVE., STE. 901
FORT LAUDERDALE, FL 33301

BY:__ /s/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.