UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20709-CIV-OTAZO-REYES

**CONSENT CASE**

ANA BACALLAO,

    Plaintiff,

v.

JAMIE H. ZIDELL, and
J.H. ZIDELL, P.A.,

    Defendants.

_____/

**ORDER AWARDING FEES**

THIS CAUSE came before the Court upon Plaintiff Ana Bacallao's ("Plaintiff") Verified Motion for Reasonable Attorneys' Fees and Costs (hereafter, "Motion for Fees and Costs") [D.E. 49]. For the reasons stated below, the Court GRANTS IN PART Plaintiff's Motion for Fees and Costs.

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action on February 26, 2016, seeking to recover overtime wages from Defendants Jamie H. Zidell and J.H. Zidell, P.A. ("Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. [D.E. 1]. After Defendants' Motion to Dismiss was denied, they answered the Complaint and asserted a Counterclaim [D.E. 12, 17, 18]. Thereafter, Plaintiff's Motion to Dismiss the Counterclaim was granted [D.E. 23, 30]. On June 23, 2016, the parties consented to the Court's jurisdiction for trial [D.E. 40, 42]. Shortly thereafter, the parties filed a Notice of Settlement [D.E. 44].

In their Joint Motion for Confidential Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice (hereafter, "Motion for Settlement Approval"), the parties included the following provision with respect to Plaintiff's recovery of fees and costs:

> Plaintiff's counsel will file fee and cost motions in accordance with Rule 7.3 of the Local Rules of the Southern District of Florida, and Defendants agree to pay to Plaintiff's counsel an amount in reasonable fees (if any) and costs which the Court finds to be reasonable after Defendants have an opportunity to contest the reasonableness of the fees and costs. Plaintiff's counsel must as a material term file the fee and cost motions under seal, or otherwise arrange for them to be faxed to chambers for purposes of confidentiality (Plaintiff's counsel must seek for the Court to announce the fee and cost determination at a telephonic hearing, when the determination is made, for purposes of confidentiality). Plaintiff's counsel agrees to the (sic) file this Motion, and the Agreement must also be filed by Plaintiff's counsel confidentially as set forth in the previous paragraph.

See Motion for Settlement Approval [D.E. 46 at 2]. At a hearing held on July 15, 2016, the Court declined to address the issue of fees and costs in the confidential manner proposed by the parties and required that the matter be briefed on the record [D.E. 48]. Plaintiff has now filed her Motion for Fees and Costs, seeking to recover $28,595.00 in fees and $420.25 in costs [D.E. 49 at 8].[1]

## APPLICABLE LAW

Under Section 216 of the FLSA (hereafter, "Section 216"), a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Further, "prevailing plaintiffs [under Section 216] are limited to recovering those costs enumerated in 28 U.S.C. § 1920." Payne v. Sec. & Crime Prevention Servs., Inc., No. 12-22032-CIV, 2014 WL 4146888, at *4 (S.D. Fla. Aug. 21, 2014) (citing Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988)). Pursuant to 28 U.S.C. § 1920, a court may award the following as costs:

---

[1] In her Reply, Plaintiff seeks an additional $3,080 in fees for litigating the Motion for Fees and Costs [D.E. 56 at 10].

2

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.

The parties' Settlement Agreement incorporates the prevailing party provisions of 29 U.S.C. § 216(b) and 28 U.S.C. § 1920 by stating that "Defendants agree to pay to Plaintiff's counsel an amount in reasonable fees (if any) and costs which the Court finds to be reasonable after Defendants have an opportunity to contest the reasonableness of the fees and costs." See Motion for Settlement Approval [D.E. 46 at 2].

## DISCUSSION

### A. Motion for Fees

Plaintiff's fee request is computed as follows:

| Timekeeper | Hourly Rate ($) | Hours | Total ($) |
| --- | --- | --- | --- |
| Pavel Kogan, Esq. (Initial Request in Motion for Fees and Costs) | 350 | 81.7 | 28,595.00 |
| Pavel Kogan, Esq. (Supplemental Request in Reply) | 350 | 8.8 | 3,080.00 |
| Total | | 90.5 | **31,675.00** |

See Motion for Fees and Costs [D.E. 49 at 6]; Reply [D.E. 56 at 10]. In opposition to Plaintiff's fee request, Defendants argue that: (1) the Initial Request should be reduced due to limited

3

success because Plaintiff only recovered through settlement approximately 20% of the amount set forth in her Statement of Claim;[2] (2) Mr. Kogan's hourly rate should be reduced to $160 because he only has limited experience in litigating FLSA cases; and (3) Mr. Kogan's hours should be reduced due to excessive billing, block billing and billing in connection with the Counterclaim. See Defendants' Response to Motion for Fees and Costs [D.E. 50 at 3-15]. Defendants further contend that the Initial Request should be reduced by 95% and even posit that no fees at all should be awarded depending on the results of a requested evidentiary hearing. Id. at 1-2.[3] Defendants also object to the Supplemental Request on the grounds that Plaintiff's original Reply was stricken. See Defendants' Response and Objection to D.E. 56 [D.E. 57].

The Court has reviewed Mr. Kogan's credentials, including the fact that he has been in practice since 2009 [D.E. 49 at 4], and finds that his hourly rate of $350 is reasonable. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (noting that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees"). However, Plaintiff's fee request is subject to reduction as excessive in light of Plaintiff's limited recovery via settlement. Id. at 1302 ("If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may . . . simply reduce the award by some proportion.") (citations omitted). Given that this is an FLSA case, and taking into account the motion practice at the pleading stage, the undersigned will only apply a 40% lodestar reduction (to both the Initial Request and the Supplemental Request), rather than one that is strictly proportional to the recovery. See James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007)

---

[2] Defendants disclosed this ratio in their Response notwithstanding the fact that the Settlement Agreement is confidential.

[3] Defendants argue that an evidentiary hearing is necessary to look into "special circumstances" surrounding Plaintiff's purported post-settlement communications with her former employer complaining about her legal representation. Id. at 15-16.

4

(explaining that in FLSA cases "[f]ee awards . . . should not simply be proportionate to the results obtained by the [p]laintiff" and that courts must consider the nature of the underlying claims"). Further, the Court rejects Defendants' extreme proposal that the Initial Request be emasculated by 95%, or even wholly obliterated, and denies their request to conduct a post-settlement evidentiary hearing. Any complaints that Plaintiff may have about her legal representation should be addressed by her in the appropriate forum; they may not serve as a vehicle for Defendants to nullify their exposure to reasonable fees and costs, as stipulated in the Settlement Agreement.

### B. Motion for Costs

Plaintiff seeks to recover the $400 filing fee, which is allowed by 28 U.S.C. § 1920. However, the parking fees for which Plaintiff seeks an additional $20.25 are not allowed by the statute. 28 U.S.C. § 1920. Therefore, Plaintiff's cost recovery is limited to $400.00.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Fees and Costs is GRANTED IN PART. Plaintiff SHALL RECOVER from Defendants **$19,005.00** in fees plus **$400.00** in costs, for a total of **$19,405.00**.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of November, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

5