UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20709-CIV-AOR

[CONSENT CASE]

| | |
|---|---|
| ANA BACALLAO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JAMIE H. ZIDELL, and | ) |
| J.H. ZIDELL, P.A. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION
REGARDING [DE 58]**

**COME NOW** the Defendants, through counsel, and hereby file this Motion as

follows regarding the Court's Order [DE 58]:

**INTRODUCTION**

1.  This matter sounds under the Fair Labor Standards Act.

2.  In [DE 58], the Court awarded Plaintiff's Counsel attorneys' fees and costs, in the

    amount of $19,405 ($405 of that amount is for costs), pursuant to a settlement.

3.  Defendants ask the Court to reconsider the fee award because: (1) [DE 58] does

    not appear to factor in why Plaintiff's counsel should be entitled to significant

    fees for the non-FLSA legal work performed; (2) the Court appears to have

    overlooked Defendants' arguments regarding the lack of pre-filing conferral in

    this specific case as the Defendants are a law firm and attorney.

## MEMORANDUM OF LAW

A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007).* Citations omitted.   Defendant believe [DE 58] should be reconsidered under ground (3) of *Lewis, supra.*

### I.   **Non-FLSA legal work performed does not justify a fee award**.

The Court's Order [DE 58] does, at Page 4, reference that Defendants object to billing as to the Counterclaim.  However, the Order appears to have overlooked why such was not a basis to further reduce the fee award.  The Court's Order does, at Page 2, acknowledge that the FLSA's Section 216(b) is the source of law which justifies a fee award under the FLSA (i.e. a prevailing party).  Therefore, Defendants request the Court reconsider its award of fees in light of the various entries Plaintiff listed for non-FLSA work.  Section 216(b) permits fees to be awarded for FLSA legal work; fees are not recoverable for non-FLSA work.

In the Reply [DE 56], Plaintiff argued the non-FLSA work[1] was inextricably intertwined to the FLSA claim, however Plaintiff's arguments did not demonstrate that such should be a basis to recover for the non-FLSA work charted below.  To avoid re-arguing this issue, Defendants refer the Court to their response in opposition to the fee motion (filed on 8/2/16), wherein Defendants discussed *Caballero v. Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001, at *4 (S.D. Fla. May 3, 2011); *Norman v.*

---

[1] The non-FLSA work concerned the Counterclaim, which is clearly unrelated to the FLSA overtime claim.

*Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); and *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983).  *See also, See Lacy v. Gen. Fin. Corp.,* 651 F.2d 1026, 1028 (5th Cir. Unit B July 1981), which analogously discussed disallowing attorney's fees incurred in relation to a counterclaim that did not arise under TILA.  Under such law, in the case at bar Plaintiff is not entitled to an award of fees for non-FLSA work.

In response in opposition to the fee motion (filed on 8/2/16), Defendants included the following charted objections as to the non-FLSA legal work billed by Plaintiff's counsel, and asks the Court to reduce the award accordingly.

| Date | Time Entry | Objection. | Suggested reasonable amount |
|---|---|---|---|
| 5/9/16 | 5.0 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA.   Also block billing regarding work performed. Excessive. | 0 |
| 5/27/16 | 4.2 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA.   Also block billing regarding work performed. | 0 |
| 6/15/16 | 3.5 | No fees should be awarded as to the Defendants' Counterclaim as was not related to the FLSA. Excessive. | 0 |

| 4/18/16 | .8 | Excessive as part of this involves Defendants' Counterclaim and Defendants' Counterclaim was not related to the FLSA matter. | 0 |
| --- | --- | --- | --- |
| 5/10/16 | .1 | No fees should be awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA. | 0 |
| 5/31/16 | .3 | No fees should be awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA. | 0 |
| 6/16/16 | .1 | No fees should be awarded for reviewing order as to the Defendants' Counterclaim as was not related to the FLSA. | 0 |

The aforesaid non-FLSA work totals (14) hours, which, at $350 per hour, equals

$4,900. The Court in [DE 58] at 4, indicated that it applied a 40% loadstar reduction,

stating that this is an FLSA case, and that it took into consideration motion practice at the

pleading stage in applying the 40% reduction. However, such reduction did not factor in

the non-FLSA work, and under the case law cited *supra* (which was discussed in more

detail in Defendants' response in opposition to the fee motion filed on 8/2/16), in the case

at bar Plaintiff is not entitled to an award of fees for non-FLSA work. In light of same,

Defendants request the Court to first reduce the fees for non-FLSA work in the amount of

$4,900, and then apply the 40% loadstar reduction.  The result would be that the fees sought ($31,675) would initially be reduced to $26,775, and the 40% loadstar reduction of $10,710 would then further reduce the fees to $16,065.  Defendants would then ask the Court to further reduce the amount of $16,065 pursuant to the below discussion of *Sahyers, infra*, regarding the lacking pre-suit conferral efforts.

## II.  **Plaintiff failed to conduct a pre-suit conferral**.

The Court appears to have overlooked Defendants' arguments regarding the lack of pre-filing conferral in this specific case since the Defendants are a law firm and attorney.[2] Under *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 890 (11th Cir. 2010)(emphasis added), because Defendants are a law firm and attorney, Plaintiff should have engaged in pre-suit communications with Defendants, but did not do so. Defendants discussed this issue at length in Defendants' response in opposition to the fee motion filed on 8/2/16; however, the Court did not address same in [DE 58].

Since Defendants are asking the Court to reconsider what they already argued in their response in opposition to the fee motion filed on 8/2/16, Defendants direct the Court to the response regarding same and note that the Eleventh Circuit stated in *Sahyers*, among other things, that "the absence of any notice was obviously an important consideration in the fee determination…."  Id.  Defendants ask the Court to reconsider Defendants' argument regarding lack of conferral in light of *Sahyers*, and significantly reduce the award accordingly given the importance of same acknowledged by the Eleventh Circuit.

---

[2] As explained in the Response [DE 50], the Plaintiff disclosed her damage claim very tardy on the day before her deposition.  Thus, Defendants did not even know how much Plaintiff was claiming until the day before Plaintiff's deposition occurred, and the case was settled the very day of Plaintiff's deposition.

**WHEREFORE**, the Plaintiff requests the Court reconsider [DE 58], and reduce or

eliminate the award of attorneys' fees as set forth above.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel Mr. Kogan opposes the relief sought herein, as set forth in an

e-mail from him dated 11/7/16.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

**BY:_____/s/ K. DAVID KELLY_____**
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE**
**FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON**
**11/7/16 TO:**

**ALL CM/ECF RECIPIENTS**

**PAVEL KOGAN, ESQ.**
**KOGAN PROBER, P.A.**
**MUSEUM PLAZA**
**200 S. ANDREWS AVE., STE. 901**
**FORT LAUDERDALE, FL 33301**

**BY:__ /s/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20709-CIV-AOR

[CONSENT CASE]

| | |
|---|---|
| ANA BACALLAO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JAMIE H. ZIDELL, and | ) |
| J.H. ZIDELL, P.A. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING [DE 58]

This cause, having come before the Court on the Defendants' Motion above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted and therefore:

Upon reconsideration of the Court's Order [DE 58], the Court rules as follows:

_____

_____.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 20____.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record